IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1997 SESSION

FILED

July 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| TERRY LEE BLANFORD, | * | C.C.A. # 01C01-9605-CR-00222 |
| | * | |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | |
| | * | Hon. Ann Lacy Johns, Judge |
| STATE OF TENNESSEE, | * | |
| | * | (Post-Conviction) |
| Appellee. | * | |
| | * | |

For Appellant:

Mark C. Scruggs
Attorney at Law
P.O. Box 158932
Nashville, TN  37215-8932

For Appellee:

Charles W. Burson
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Roger D. Moore
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN  37201-1649

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The petitioner, Terry Lee Blanford, appeals from the trial court's dismissal of his first petition for post-conviction relief. The single issue presented for our review is whether the trial court erred by finding that counsel was not ineffective for failing to pursue the defense of voluntary intoxication.[1]

We find no merit to the issue and affirm the judgment of the trial court.

On April 7, 1992, the petitioner pled guilty to felony murder. During a party at the Kentucky residence of Ronnie Oller and Penny Oller, the petitioner and the Ollers decided to drive to Tennessee to rob the victim, Dr. Gul Telwar, who had been their former employer. The petitioner broke into a back window of an office trailer located on the victim's car lot and waited for the victim to arrive. The Ollers remained in the car. Upon the victim's arrival about an hour later, there was an argument over a car title; the petitioner shot the victim eight times, took his billfold and several car keys, and escaped through the trailer window.

Several days later, the petitioner gave a video-taped statement to police. During a conference with his attorney, the petitioner insisted that because he was drunk, he did not remember the events surrounding the murder. After researching the issue, defense counsel decided that intoxication would not be a plausible defense to the felony murder charge. The petitioner then pled guilty to felony murder and received a life sentence. There was no direct appeal.

When a petitioner seeks post-conviction relief on the basis of

---

[1] In his appellate brief, the petitioner also makes reference to the issue of whether the video-taped statement was made while the he was intoxicated and therefore should have been suppressed. The body of the argument, however, contains a sentence acknowledging that the petitioner was not impaired by intoxication at the time of the statement.

2

ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, no relief is warranted. As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991); Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

The petitioner argues that voluntary intoxication is a defense to felony murder if the underlying charge, such as especially aggravated burglary or especially aggravated robbery, contained a specific intent requirement. He claims that the case should have been tried before a jury, relying on this defense. The petitioner also contends that because intoxication would have been a complete defense to both first and second degree murder, he could have been convicted of nothing more than voluntary manslaughter.

The trial court found that a taped statement by the petitioner provided details of the killing that only one involved in the shooting would know. Implicit in

3

this finding is the finding that the petitioner was not so intoxicated that he could not remember the events surounding the murder as he later tried to claim. The trial court also found that defense counsel was effective in his representation of the petitioner.

Defense counsel testified that it was his opinion that intoxication would not be an effective defense for the petitioner. We agree. At the time of the offense, felony murder was defined as "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate" any of the enumerated felonies. Tenn. Code Ann. § 39-13-202(a) (2) (1991 repl.). Voluntary intoxication is not a defense to crimes involving a reckless mens rea: "If recklessness establishes an element of an offense and the person is unaware of a risk because of voluntary intoxication, the person's unawareness is immaterial in a prosecution for that offense." Tenn. Code Ann. § 39-11-502(b) (1991 repl.). In consequence, defense counsel cannot be faulted for failing to pursue an intoxication defense. It could not have been successful.

In our view, there were other factors that influenced trial counsel's recommendation to the petitioner to accept a plea agreement. Ronnie Oller had already been convicted of murder and sentenced to life plus twenty years. Both Oller and his wife were to be witnesses for the state at the petitioner's trial. The state had a video-taped confession from which the jury could assess firsthand the petitioner's mental capacity. A guilty plea, under these circumstances, may have been a sound tactical decision. Defense counsel appears to have conducted an adequate investigation, including legal research, before recommending the plea. The record also establishes that the petitioner made a knowing and voluntary plea based upon advice from his counsel. From all of this, we cannot find deficiency in

4

the performance of counsel. There was a basis in the law for his advice to the petitioner.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
Curwood Witt, Judge

5