IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1998 SESSION

FILED

March 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM E. BEARD,  )
  )  No. 02-C-01-9611-CR-00405
  APPELLANT,  )
  )  Shelby County
v.  )
  )  Chris Craft, Judge
STATE OF TENNESSEE,  )
  )  (Post-Conviction Relief)
  APPELLEE.  )

FOR THE APPELLANT:

Mark A. Mesler
Attorney at Law
200 Jefferson Avenue, Suite 1250
Memphis, TN  38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN  37243-0493

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN  38103

Daniel S. Byer
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, William E. Beard (petitioner), appeals as of right from a judgment of the trial court dismissing his post-conviction action following an evidentiary hearing. The trial court found the petitioner had received the effective assistance of counsel guaranteed by the United States and Tennessee Constitutions. In this court, the petitioner contends the evidence contained in the record preponderates against the findings of the trial court in two particulars: (a) trial counsel "failed to prepare, develop and discuss a trial strategy with him," and (b) "trial counsel's efforts at trial failed to employ any strategy that did exist." After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

# I.

# PRIOR PROCEEDINGS

The petitioner was convicted of an attempt to rape a child, a Class B felony. The trial court imposed a Range I sentence consisting of confinement for twelve (12) years in the Department of Correction. This court affirmed the petitioner's conviction and sentence. State v. William E. Beard, Shelby County No. 02-C-01-9407-CR-00146, 1995 WL 454019 (Tenn. Crim. App., Jackson, August 2, 1995). The supreme court denied the petitioner's application for permission to appeal on November 27, 1995, concurring only in the result reached by this court.

The petitioner instituted this post-conviction action on April 18, 1996. Counsel was appointed to represent the petitioner. An amended petition was filed on June 6, 1996. The trial court conducted an evidentiary hearing on August 8, 1996. The trial court's findings of fact and conclusions of law were filed on October 7, 1996. The petitioner subsequently perfected his appeal to this court.

2

# II.

## STANDARD OF REVIEW

When the trial court has conducted an evidentiary hearing to permit a petitioner to ventilate the grounds raised in support of an action for post-conviction relief, the trial court's findings of fact are afforded the weight of a jury verdict. Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996); Teague v. State, 772 S.W.2d 932, 933-34 (Tenn. Crim. App. 1988), cert. denied, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989). Consequently, this court is bound by the trial court's findings of fact unless the evidence adduced at the hearing preponderates against the trial court's findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), per. app. denied (Tenn. 1995).

There are several well-established rules which govern appellate review in post-conviction cases. As this court said in Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.), per. app. denied (Tenn. 1990):

> First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge.

This court will now proceed to consider the merits of the petitioner's contentions. In doing so, this court will apply the aforementioned principles governing appellate review to determine whether the evidence adduced at the hearing preponderates against the trial court's findings of fact. See Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

## III.

## STANDARDS TO BE APPLIED IN DETERMINING
## WHETHER COUNSEL RENDERED EFFECTIVE ASSISTANCE

When the petitioner seeks to vitiate a conviction on the ground the attorney who represented him denied his constitutional right to the effective assistance of counsel, the petitioner must establish by clear and convincing evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and (b) the unprofessional conduct of counsel enured to the prejudice of the petitioner. Williams v. State, 599 S.W.2d 276, 279 (Tenn. Crim. App.), per. app. denied (Tenn. 1980). The United States Supreme Court subsequently adopted this two-prong test in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee decisions following Strickland are legion.

This court's review is guided by certain well-established standards. First, the standard created in Baxter does not require perfect representation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Second, it is not the function of an appellate court to "second guess" trial counsel's tactical and strategic choices pertaining to matters of defense unless these choices were made without knowledge of the relevant facts or the law applicable to the issue. Hellard, 629 S.W.2d at 9; McBee v. State, 655 S.W.2d 191, 193 (Tenn. Crim. App.), per. app. denied (Tenn. 1983); see People v. Corona, 80 Cal. App. 3d 684, 145 Cal. Rptr. 894 (1978). As the supreme court said in Hellard: "[T]he defense attorney's representation, when questioned, is not to be measured by '20-20 hindsight.'" 629 S.W.2d at 9. Third, an accused is not deprived of the effective assistance of counsel because a different procedure or strategy might have produced a different result. Williams, 599 S.W.2d at 279-80; Long v. State, 510 S.W.2d 83, 88 (Tenn. Crim. App.), cert. denied (Tenn. 1974).

# IV.

# GROUNDS FOR RELIEF

The petitioner contends he was denied his constitutional right to the effective assistance of counsel. He argues his trial counsel "failed to prepare, develop and discuss a trial strategy with him," and counsel "failed to employ any strategy" during the course of the trial.

The evidence reflects the petitioner developed a conflict with an assistant public defender who was representing him. The assistant public defender was permitted to withdraw as counsel of record. The trial court appointed a private attorney to represent the petitioner. The assistant public defender provided counsel with a copy of his file. The file included a copy of the applicable statute, documents filed in the case, interviews with witnesses, a transcript of the preliminary hearing, and other matters pertaining to the petitioner's case. Counsel testified it was a complete file.

Counsel reviewed the file, visited the situs of the crime, and discussed the facts with the petitioner. The petitioner had a copy of the statute. According to counsel, the petitioner was vividly aware of what the state was required to prove before he could be found guilty of attempting to rape a child. The petitioner advised counsel his conduct did not rise to the level of an attempt to commit this crime. This formed the nucleus of his defense.

The petitioner and counsel discussed a trial strategy. The preliminary hearing testimony of the youthful victim implied there was no sexual contact between the victim and the petitioner. Since the victim was the key to the prosecution's case, they formulated a strategy to discredit the victim's testimony. They also discussed whether the petitioner should testify in support of his defense. The petitioner opted not to testify.

Counsel filed a bevy of motions, and the petitioner filed pro se motions. These motions were not heard prior to trial. According to the petitioner, he wanted a pretrial hearing on a motion for discovery and on a motion to suppress his statement to the police.

The record reflects discovery had been obtained by the assistant public defender. In addition, counsel had a copy of the state's file. Counsel testified he did not believe a hearing on the discovery motion was required given the circumstances in this case. The

5

only surprise was the testimony of a crime scene officer. A diagram of the crime scene was introduced through this witness. Defense counsel had visited the situs of the crime, he was able to inspect the diagram, and he knew the diagram was accurate.

Counsel did not believe a hearing on the motion to suppress the petitioner's statement was required. The petitioner told police that he had hit a dog with his vehicle and he was looking for it. The child had followed him into the woods. The petitioner refused to give any further statement to the police unless a lawyer was present. Thus, counsel was of the opinion there was nothing to suppress. The petitioner failed to establish a reason why the motion would be granted. The petitioner stated the officer said he was not questioning the petitioner. The petitioner said a hearing was necessary because the officer said he was not questioning him, but the petitioner contended the officer did ask him questions.

The petitioner complains counsel did not ask enough questions during cross-examination of the state's witnesses. He testified his counsel asked a total of sixteen questions during the entire trial.

Counsel testified the victim was eleven years of age. Her direct testimony was "a little fuzzy and a little uncertain," and she was "very hesitant and very tentative." In other words, her testimony was "sketchy." Counsel concluded the victim was not a "great witness."

There was very little variation between the victim's testimony during the preliminary hearing and her trial testimony. Counsel did not feel there was any way to effectively cross-examine the witness. He discussed this problem with the petitioner. The defendant agreed counsel should be gentle with the youthful victim, attempt to accent the "soft spots" in her testimony, and vigorously argue the credibility of the witness during summation.

Counsel gave the defendant the opportunity to have input in the trial decisions. It appears counsel conferred with the petitioner regarding additional questions he wanted to ask each witness, as well as his feelings regarding other decisions which surfaced during the trial. The petitioner did not disagree with counsel's tactics during the course of the trial.

Cross-examination of the state's witnesses was the only strategy available to trial counsel. The petitioner could not produce a witness who could refute the victim's

6

testimony, and the petitioner opted not to testify.  If counsel rigorously cross-examined the victim, the jurors may have been angered at his tactics.  In addition, the victim was not a "great" witness, and her testimony was "sketchy."  A rigorous cross-examination may have caused the victim to remember additional facts regarding the crime in question.  In summary, the trial strategy utilized by counsel was entirely reasonable.

## CONCLUSION

In conclusion, the petitioner failed to establish the allegations contained in his amended petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f).  The trial court accredited the testimony presented by the State of Tennessee and rejected the petitioner's testimony.  Moreover, the evidence contained in the record does not preponderate against the findings of fact made by the trial court. Clenny, 576 S.W.2d at 14.  Thus, the judgment of the trial court should be affirmed.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE