IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION



**FILED**

**March 26, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

LARRY MORRIS,             )

                           )

           APPELLANT,    )

                           )

v.                          )

                           )

STATE OF TENNESSEE,   )

                           )

            APPELLEE.     )

No. 02-C-01-9701-CR-00008

Shelby County

Honorable Joseph B. Dailey, Judge

(Post-Conviction Relief)

FOR THE APPELLANT:

Daniel A. Seward
Attorney at Law
P. O. Box 11207
Memphis, TN 38111-0207

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0497

Georgia B. Felner
Counsel for the State
425 Fifth Avenue, North
Nashville, TN 37243-0497

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

James M. Lamey
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Larry Morris (petitioner), appeals as of right from a judgment of the trial court dismissing his post-conviction action following an evidentiary hearing. The trial court found the petitioner received the effective assistance of counsel guaranteed by the United States and Tennessee Constitutions. In this court, the petitioner presents one issue for review, namely, "[w]hether the trial court properly dismissed the petition for post-conviction in finding that the petitioner was afforded the effective assistance of counsel." After a thorough review of the record, the briefs submitted by counsel, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

## I.

## PRIOR PROCEEDINGS

The petitioner was convicted of aggravated robbery on March 30, 1994. The trial court sentenced the petitioner to confinement for ten (10) years in the Department of Correction. The petitioner appealed his conviction to this court. On August 16, 1995, this court affirmed the petitioner's conviction. State v. Larry Morris, Shelby County No. 02-C-01-9409-CR-00192, 1995 WL 480604 (Tenn. Crim. App., Jackson, August 16, 1995). The petitioner did not seek review in the supreme court.

The petitioner instituted this post-conviction action on September 28, 1995. The trial court conducted an evidentiary hearing on March 29, 1996. The trial court took the matter under advisement. On July 11, 1996, the trial court entered an order dismissing the petitioner's post-conviction action.

## II.

## STANDARD OF REVIEW

When the trial court has conducted an evidentiary hearing to permit a petitioner to ventilate the grounds raised in support of an action for post-conviction relief, the trial court's findings of fact are afforded the weight of a jury verdict. Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996); Teague v. State, 772 S.W.2d 932, 933-34 (Tenn. Crim.

App. 1988), <u>cert</u>. <u>denied</u>, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989). Consequently, this court is bound by the trial court's findings of fact unless the evidence contained in the record preponderates against the trial court's findings. <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990); <u>Adkins v. State</u>, 911 S.W.2d 334, 337 (Tenn. Crim. App. 1994), <u>per</u>. <u>app</u>. <u>denied</u> (Tenn. 1995).

There are several well-established rules which govern appellate review of post-conviction actions. As this court said in <u>Black v. State</u>, 794 S.W.2d 752, 755 (Tenn. Crim. App.), <u>per</u>. <u>app</u>. <u>denied</u> (Tenn. 1990):

> First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge.

This court will now proceed to consider the merits of the petitioner's contentions. In doing so, this court will apply the aforementioned principles governing appellate review in post-conviction actions to determine whether the evidence adduced at the hearing preponderates against the trial court's findings of fact. <u>See</u> <u>Clenny v. State</u>, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), <u>cert</u>. <u>denied</u>, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

## III.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends he was denied his constitutional right to the effective assistance of counsel. U.S. Const. amend. VI; Tenn. Const. art. 1, § 9; <u>Powell v. Alabama</u>, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). He argues trial counsel was deficient because counsel (a) failed to file a motion for discovery, (b) failed to file a motion to suppress the victim's identification, and (c) failed to find and subpoena an alibi witness.

## A.

When the petitioner seeks to vitiate a conviction on the ground the attorney representing him denied his constitutional right to the effective assistance of counsel, the petitioner must establish by clear and convincing evidence (a) the services rendered or the advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and (b) the unprofessional conduct of counsel enured to the prejudice of the petitioner. Williams v. State, 599 S.W.2d 276, 279 (Tenn. Crim. App.), per. app. denied (Tenn. 1980). The United States Supreme Court subsequently adopted this two-prong test in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee appellate court decisions following Strickland are legion.

This court's review of ineffective assistance claims is guided by certain well-established standards. First, the standard created in Baxter does not require perfect representation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Second, it is not the function of an appellate court to "second guess" trial counsel's tactical and strategic choices pertaining to matters of defense unless these choices were made without knowledge of the relevant facts or the law applicable to the issue. Hellard, 629 S.W.2d at 9; McBee v. State, 655 S.W.2d 191, 193 (Tenn. Crim. App.), per. app. denied (Tenn. 1983); see People v. Corona, 80 Cal. App. 3d 684, 145 Cal. Rptr. 894 (1978). As the supreme court said in Hellard: "[T]he defense attorney's representation, when questioned, is not to be measured by '20-20 hindsight.'" 629 S.W.2d at 9. Third, an accused is not deprived of the effective assistance of counsel because a different procedure or strategy might have produced a different result. Williams, 599 S.W.2d at 279-80; Long v. State, 510 S.W.2d 83, 88 (Tenn. Crim. App.), cert. denied (Tenn. 1974).

This court will now address the specific grounds asserted by the petitioner. In doing so, this court will apply the aforementioned standards.

**B.**

The petitioner asserts he wanted counsel to file a motion for discovery. He argues counsel failed to file such a motion.

Trial counsel testified a motion for discovery was filed in the cause. Counsel also

4

obtained discovery from the assistant district attorney general.

This court is of the opinion the petitioner failed to establish this ground by "clear and convincing" evidence. Tenn. Code Ann. § 40-30-210(f). Moreover, the evidence adduced at the evidentiary hearing does not preponderate against the trial court's findings of fact.

## C.

The petitioner contends his trial counsel failed to file a motion to suppress identification. He opined this enured to his prejudice. However, the petitioner failed to establish by "clear and convincing" evidence why the failure fell below the "range of competence demanded of attorneys in criminal cases," Baxter, 523 S.W.2d at 936, or how this enured to his prejudice, Williams, 599 S.W.2d at 279.

Trial counsel testified a motion to suppress identification evidence was not filed. Counsel said the motion was not filed because there was no factual basis for the suppression of this evidence. This court agrees.

The record of the trial proceedings reflects the victim rode a Greyhound bus from Birmingham, Alabama on July 1, 1993 to Memphis. Upon arrival in Memphis, he was approached by a white woman, later identified as Nina Policht who had been staying with the petitioner in a motel. Policht said she would accompany the victim to a nearby bar. As they walked together on the west side of the bus station, two African American men came from behind a motor vehicle. The petitioner held a large knife to the victim's throat and demanded his money. The victim gave him approximately $200. Policht went through the victim's wallet, but she did not find any more money.

A Memphis police officer who patrolled the area surrounding the bus station also served as a security officer at the station when he was off duty. He spoke to the victim the next morning in his capacity as a police officer. When the victim described the unique clothing worn by one of the perpetrators and described the woman, the officer remembered seeing these two people in the area of the bus station for several days prior to the robbery. The clothing each wore was unique and readily recognizable. The officer asked cab drivers parked near the bus station if they had seen these individuals. The cab drivers stated they had seen them, and they advised the officer the individuals were living at the

5

King's Court motel which is located close to the bus station. This officer, along with robbery squad officers and uniform patrol officers, went to the motel. The manager told officers the room number occupied by the individuals they described. The officers arrested Policht and seized clothing described by the victim and several photographs sitting on a coffee table. The defendant was arrested in the room twenty minutes later.

When the victim entered the robbery squad office, there were seven or eight African American men sitting on a bench. The victim saw the defendant sitting on the bench and advised an officer this was one of the men who robbed him.

The officers never showed the victim the seized photographs before the identification. Nor did the officers ask the victim to look at these men to see if he could identify the perpetrator. His identification was a spontaneous statement made by the victim as he was walking through the robbery squad office.

The victim made a courtroom identification of the defendant. He also identified the clothing worn by the petitioner when the petitioner robbed the victim.

As can be seen from the foregoing summary of the evidence, there was nothing suggestive about the victim's identification. This court is of the opinion the petitioner failed to prove this ground by "clear and convincing" evidence. Tenn. Code Ann. § 40-30-210(f). Furthermore, the evidence contained in the record on this ground does not preponderate against the trial court's findings of fact. Clenny, supra.


**D.**

The defendant contends counsel was ineffective because counsel failed to investigate his alibi defense and failed to investigate the fact he had received a personal injury settlement a few days prior to the date in question.

The defendant was represented by the Shelby County Public Defender and members of his staff. He told an assistant public defender before the preliminary hearing was scheduled in the General Sessions Court he went to sleep on the evening of July 1, 1993 between 9:00 p.m. and 10:00 p.m. in the motel room. Prior to trial, the petitioner told trial counsel on July 2, 1993 he and Nina Policht stopped and talked with the manager of the King's Court motel. They then went to a BP service station at Linden Avenue and

6

Danny Thomas Boulevard to get breakfast. An investigator went to the service station. It was a Mapco station, not a BP station. The manager could not tell the investigator who was working on the morning in question. However, the manager stated a Caucasian female in the company of an African American male was a common sight at the station.

When the defendant testified in support of his defense, he changed his alibi. He testified he came to Memphis to obtain a personal injury settlement. He came with Nina Policht. When the robbery occurred, the defendant testified he was with Policht and a white male who occupied an adjoining room. In short, trial counsel was not aware of this particular alibi prior to trial, and, as a result, could not be expected to investigate the alibi and locate the alibi witness.

The petitioner failed to prove this ground by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Furthermore, the evidence contained in the record does not preponderate against the trial court's findings of fact.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE