**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1999**

FILED

April 22, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **ALVIN SEAGROVES,** | ) | **C.C.A. NO. 01C01-9711-CC-00553** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **GRUNDY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. CURTIS SMITH,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF GRUNDY COUNTY

FOR THE APPELLANT:

PHILIP A. CONDRA
District Public Defender
P.O. Box 220
200 Betsy Pack Drive
Jasper, TN 37347

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN M. YACUZZO
Assistant District Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

J. MICHAEL TAYLOR
District Attorney General

THOMAS D. HEMBREE
Assistant District Attorney General
Jasper, TN 37347

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# **<u>OPINION</u>**

The Defendant, Alvin Seagroves, appeals the trial court's dismissal of his petition for post-conviction relief following an evidentiary hearing. In 1974, Defendant was convicted by a jury of three counts of first degree murder and one count of assault with intent to commit first degree murder. He was sentenced to life imprisonment for each murder and not less than six years or more than twenty-one years for the assault. His convictions and sentences were affirmed on appeal. <u>State v. Alvin Seagroves</u>, Nos. 730-733 (Tenn. Crim. App., Nashville, Sept. 15, 1976). In 1981, Defendant filed a petition for post-conviction relief which was dismissed by the trial court without an evidentiary hearing. The dismissal of that petition was affirmed on appeal. <u>Alvin Seagroves v. State</u>, No. 81-182-III (Tenn. Crim. App., Nashville, Jan. 22, 1982).

In 1989, Defendant filed the petition for post-conviction relief which is being considered in the case at bar. After conducting an evidentiary hearing, the trial judge entered an order denying relief. It is from this order denying relief that the Defendant appeals. In this appeal, he contends (1) that the State failed to provide evidence favorable to the defense prior to trial in violation of <u>Brady v. Maryland</u>, 373 U.S. 65 (1963); (2) that the court denied him a fair trial by delivering erroneous jury instructions; and (3) that he did not receive the effective assistance of counsel at trial. We affirm the denial of relief by the trial court.

If afforded a post-conviction evidentiary hearing by the trial court, a petitioner must do more than merely present evidence tending to show

incompetent representation and prejudice; the petitioner must prove factual allegations by a preponderance of the evidence. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1974) (superseded by Tennessee Code Annotated § 40-30-210(f) (requiring clear and convincing evidence)). When an evidentiary hearing is held, findings of fact made by that court are conclusive and binding on this Court unless the evidence preponderates against them. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993) (citing Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990)).

## I. BRADY VIOLATIONS

In order to prove a due process violation under Brady v. Maryland, 373 U.S. 83 (1963), Defendant must show that (1) he requested the allegedly withheld information, (2) the State suppressed the information, (3) the information was favorable to the accused, and (4) the information was material. State v. Edgin, 902 S.W.2d 387, 389 (Tenn. 1995). When there has been a general request for information, as in this case, "the undisclosed information is 'material' if it 'creates a reasonable doubt that did not otherwise exist.'" Id. (quoting United States v. Agurs, 427 U.S. 97, 112 (1976)). Therefore, "the omission must be evaluated in the context of the entire record." Agurs, 427 U.S. at 112.

Defendant claims that the State failed to deliver three pretrial statements which would have been favorable to his defense—namely, statements made by Phyllis Gregory, Emmett Paul, and Linda Nunley. On this issue, we find that Defendant has failed to sustain his burden of proving his factual allegations by a preponderance of the evidence.

Defendant asserts in his brief that attempted murder victim Phyllis Gregory, Defendant's former girlfriend and mother of their child, failed to report to medical personnel at Erlanger Hospital that she had been shot in the neck. According to Defendant, this information could have been used on cross-examination to contradict Gregory's statement at trial that Defendant shot her in the neck before he shot her in the abdomen.

The medical records located in the technical record are for the most part illegible. Furthermore, Gregory was not admitted to Erlanger until two days after the incident at issue. It is unreasonable to imagine that Gregory postponed treatment for two days; therefore, these records are incomplete for lack of entries accounting her initial treatment. The absence of notation for a gunshot wound to the neck in the Erlanger Hospital records does not constitute a statement favorable to the defense. As the post-conviction court noted, "The record contains no proof Ms. Gregory failed to report the neck wound upon her initial admission to the Sewanee Hospital immediately after the shooting."

In addition, even if Gregory's statement at trial did constitute a statement favorable to the defense, there is no evidence in the post-conviction transcript to show that the State possessed the information but withheld it. Finally, the statement is not material in the sense of creating a reasonable doubt. According to the post-conviction court's findings of fact, after Defendant shot the four victims in this case, "[h]e then returned to his automobile, secured a carbine and returned to the Metcalf car where all of the adults lay wounded or dead and proceeded to empty the carbine into the automobile."

The next alleged, undisclosed statement is that of Emmett Paul. According to Defendant, Paul stated that the car containing the victims was parked when Defendant's car pulled up beside it, exited the car, and began shooting. His theory is that this statement would have shown the jury that the victims were "lying in wait" for him. However, the statement was never introduced into the post-conviction record. The only evidence tending to show that Paul's statement was made does not constitute "evidence" at all. Rather, post-conviction counsel hypothetically inquired of Defendant's trial counsel, "[I]f there was a witness that said the blue Ford Torino was parked and sitting still when the red car drove up, would that have been contrary to [testimony at trial]?" This, without more, does not prove that the State possessed a statement which it withheld from the defense; and Defendant provided nothing more.

Finally, Defendant argues that the State should have disclosed a statement by Linda Nunley in which she stated that Defendant was shooting at their car at the time the State alleged he shot victim Johnnie Metcalf in the back. Post-conviction counsel asked Defendant's trial counsel, "If this woman said . . . [Johnnie Metcalf] was running toward Geary's holding her side hollering for help. Alvin Seagroves was at this time firing the rifle towards the blue car . . . . [W]ould this have been important information [to the defense] that he was too busy shooting at the car to be shooting at her?" This statement by post-conviction counsel while asking a question of trial counsel does not prove that the statement was made by Nunley, nor does it prove that the State possessed such a statement.

Post-conviction counsel repeatedly asked such hypothetical questions of the trial counsel, but never introduced any of the alleged statements into the post-conviction record. When one of Defendant's trial counsel questioned the source of the statement by saying, "If she, in fact, said what you said she said, and if, in fact, I had that statement, I probably would have cross-examined her as to that point." Post-conviction counsel responded, "Surely you don't think I just made that whole conversation up?" This Court is not in a position to assume facts where no evidence has been entered.

## II. JURY INSTRUCTIONS

Defendant contends that the trial court erred by improperly instructing the jury. Specifically, he argues that the trial judge erred in its charge on (1) parole eligibility, (2) reasonable doubt, (3) finding Defendant "innocent," (4) definition of "deliberate," and (5) self-defense. The post-conviction court concluded, "These issues have been waived, in that they were not raised on initial appeal or in the first petition for post-conviction relief." We agree, with the exception of the jury instruction on parole eligibility, which was raised and decided on direct appeal; therefore, this issue has been previously determined. See State v. Alvin Seagroves, Nos. 730-733 (Tenn. Crim. App., Nashville, Sept. 15, 1976).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts he suffered ineffective assistance of counsel at trial. Defendant raised the issue of ineffective assistance in his first post-conviction petition filed in 1981, a fact that would usually preclude the issue from being re-litigated. See Cone v. State, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995). However, because Defendant did not receive an evidentiary hearing, we find that

he did not receive a "full and fair hearing" on the issue as required by Tennessee Code Annotated § 40-30-112(b) before an issue may be considered previously determined. See House v. State, 911 S.W.2d 705 (Tenn. 1995) ("[A] 'full and fair hearing' sufficient to support a finding of previous determination occurs if a petitioner is given the opportunity to present proof and argument on the petition for post-conviction relief."). Therefore, we will not consider the claims previously determined.

To be entitled to post-conviction relief on the basis of ineffective assistance of counsel, Defendant must show that his counsel's representation was "deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, counsel's performance is not deficient when "the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The second prong requires Defendant to show a reasonable probability that the result of the trial would have been different but for the deficient representation. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to rationalization of attorney conduct in an ineffective assistance of counsel case, the Supreme Court instructed,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 688.

In this case, Defendant complains of ineffective assistance by his trial counsel for failure to confer, advise, and investigate. In its order denying relief, the post-conviction court concluded that Defendant failed to carry his burden to prove ineffective assistance by a preponderance of the evidence. We find that the evidence does not preponderate against this finding. Contrary to Defendant's testimony at the post-conviction hearing, his trial counsel testified that they met with him on several occasions in preparation for trial. Furthermore, Defendant has not produced any evidence tending to show how he was prejudiced by the allegedly deficient representation at trial. This issue lacks merit.

Because Defendant's claims of improper jury instructions have been waived or previously determined, and because we find the evidence does not preponderate against the trial court's findings that allegations of Brady violations and ineffective assistance of counsel lack merit, we affirm the trial court's denial of post-conviction relief.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
JERRY L. SMITH, JUDGE