**Billy Glenn CLENNY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 9, 1978.

Certiorari Denied by Supreme Court
Dec. 18, 1978.

Hughie Ragan, Jackson, for appellant.

William M. Leech, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, George W. Hymers, Dist. Atty. Gen., Jackson, Howard F. Douglass, Asst. Dist. Atty. Gen., Lexington, for appellee.

## OPINION

DWYER, Judge.

This is an appeal from the dismissal of appellant's post-conviction petition after an evidentiary hearing.

The appellant is incarcerated in the State Penitentiary serving a period of fifteen years imposed upon his plea of guilty on

September 28, 1977, to committing the offense of rape. The appellant's assignments of error are these:

1. The trial court erred in overruling appellant's motion for post-conviction relief on the ground that there was racial and sexual discrimination in the selection of the foreman of the grand jury which indicted appellant.

2. The trial court erred in denying appellant's petition for post-conviction relief on the ground that appellant's guilty plea hearing did not conform with requirements enumerated in *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977).

3. The trial court erred in denying appellant's petition for post-conviction relief on the ground that his guilty plea was not voluntary or intelligent.

■ We will discuss the first assignment of error which is predicated upon the fact that no female or black person has ever served as foreman of the Madison County Grand Jury. With no attack by motion or plea in abatement to the composition of the grand jury prior to appellant's entry of a guilty plea to the charge of rape, this assignment is without merit. *State ex rel. Henderson v. Russell,* 3 Tenn.Cr.App. 204, 459 S.W.2d 176 (1970); *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Quoting from the latter authority at page 267, 93 S.Ct. at page 1608:

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in *McMann* [*v. Richardson,* 397 U.S. 759, [90 S.Ct. 1441, 25 L.Ed.2d 763] (1970)]."

■ Ancillary to the first assignment of error is the urging of the appellant that his statutory's failure to object to the selection process rendered his assistance not "within the range of competence demanded of attorneys in criminal cases." *McMann,* supra. In the absence of an allegation in his petition, coupled with an absence of any proof in support thereof at the hearing this assignment is without merit and is overruled.

■ The second assignment of error: It is appellant's contention that his guilty plea was not taken in conformity with *State v. Mackey,* supra. We evaluate this assignment under settled law that in a post-conviction proceeding the burden is on the petitioner to prove by a preponderance of the evidence the allegations in his petition. *Bratton v. State,* 477 S.W.2d 754 (Tenn.Cr. App.1971). It is also settled law that the trial judge's findings on questions of fact are to be given the weight of a jury's verdict and are conclusive on appeal unless the appellate court finds that the evidence preponderates against his judgment. *Graves v. State,* 512 S.W.2d 603 (Tenn.Cr. App.1973).

■ The guilty plea transcript was filed and marked as an exhibit at the hearing. A review of that transcript reveals that the trial court advised the appellant as to the range of punishment for the offense of rape, his rights to confrontation, to call witnesses, to a jury trial, and to appeal. It also reflects that appellant signed waiver forms as to all of these rights. The record further reveals that appellant entered his guilty plea contrary to the advice of his counsel, and when counsel informed the trial court that appellant was accepting the negotiated plea of the State contrary to his advice, the court then asked the appellant if it was still his desire to plead guilty, to which he received an affirmative answer. From our review of this record we are satisfied, as was the trial court at the hearing, that the guidelines in *State v. Mackey,* supra, were substantially complied with.

■ Appellant contends that he was not informed that his prior convictions could be used against him with reliance on *State v. Mackey,* supra. With waiver of a jury, and the court accepting the State's recommendation of fifteen years as punishment for

the offense, appellant's reliance on *Mackey* is misplaced. This second assignment is accordingly overruled.

■ The third assignment of error: We note at the threshold, from a review of the record of the hearing sub judice appellant himself testified that his guilty plea was freely and voluntarily entered. It, however, appears from the hearing that appellant testified the State threatened to try him on the second count of the indictment charging him as being a habitual criminal as a lever to obtain his guilty plea. It is further his testimony that appellant's counsel failed to advise him that one of the three convictions relied upon for the habitual criminal count was later reversed. Therefore, this third conviction being reversed prevented the State from carrying out the threat of trial as a habitual criminal. From this it is his urging that counsel was ineffective and that his guilty plea to the rape charge came about as a desire to escape conviction of being a habitual criminal. While the hearing developed that there may have been substance in appellant's contention that one of the three convictions in the habitual criminal count was reversed, this allegation, if true, would not void his guilty plea if it was freely and voluntarily entered to the offense of rape. *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). A guilty plea to escape harsher punishment does not void an otherwise voluntary and intelligently entered guilty plea. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), quoting at page 757, 90 S.Ct. at page 1473:

> "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision."

Further, in *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), the following may be found:

> ". . . even if Parker's counsel was wrong in his assessment of Parker's confession, it does not follow that his error

was sufficient to render the plea unintelligent and entitle Parker to disavow his admission in open court that he committed the offense with which he was charged. Based on the facts of record relating to Parker's confession and guilty plea, which we have previously detailed, we think the advice he received was well within the range of competence required of attorneys representing defendants in criminal cases." 397 U.S., at 797–798, 90 S.Ct. at 1462.

■ The State urges that the appellant's reliance on counsel's erroneous assumption regarding the validity of the habitual criminal charge is insufficient to establish that the guilty plea was involuntary or unintelligent. The State further reasons that two facts support this conclusion: (1) appellant admitted the facts of the rape case even though such an admission would not have been necessary to enter a plea of guilty. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); (2) appellant's plea of guilty was not made at the insistence or recommendation of appellant's counsel. With the reasoning of the State we are in full accord. The third and last assignment of error is overruled.

From our review of the full evidentiary hearing in which petitioner, his attorney at the guilty plea, and the circuit judge in charge of selecting the Madison County Grand Jury testified, we agree with the trial court's memorandum of law and conclusion of facts that petitioner's allegations were without merit. These findings as stated at the outset are given the weight of a jury verdict. *Graves v. State,* supra. The evidence from our review supports his dismissal of the appellant's petition. The judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.