# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

RANDALL E. DUNN,                          )
                                          )
    Appellant,               )     C.C.A. NO. 01C01-9703-CR-00089
                                          )
VS.                                       )     DAVIDSON COUNTY
                                          )     (94-A-426 Below)
                                          )
STATE OF TENNESSEE,                       )     The Hon. J. Randall Wyatt, Jr.
                                          )
    Appellee.                )     (Denial of Post-Conviction Relief)

## O R D E R

This case came to be heard on the motion of the state for an affirmance of the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules. Based on our review of the state's motion, the petitioner's brief, and the record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20.

The issue raised in this appeal is whether the trial court erred in denying post-conviction relief based on the petitioner's claim of ineffective assistance of counsel. On June 17, 1994, the petitioner pled guilty to aggravated robbery and was sentenced to three years in Tennessee Department of Correction. The petitioner was a forfeiture at his sentencing hearing and was subsequently arrested and his three-year sentence was placed into effect on June 2, 1995. That same day, the petitioner pled guilty to two counts of selling over .5 grams of a controlled substance and to two counts of selling over 26 grams of cocaine. He was sentence to eight years imprisonment on three of the counts, to run concurrently with each other, and to ten years imprisonment on one count, to run consecutively with all other sentences. The effective sentence was eighteen years imprisonment.

In his post-conviction petition, the petitioner contends that trial counsel failed to provide effective assistance of counsel and coerced him into pleading guilty and that his plea was not made voluntarily, intelligently, or understandingly.

At a hearing on the post-conviction petition, the petitioner testified on his own behalf, and trial counsel testified for the state. In addition, the transcript of the guilty plea

proceedings was introduced as an exhibit. In finding that the petitioner received effective assistance of counsel, the trial court stated:

> Base on the testimony from the hearing, the Court is of the opinion that the allegation that the claim that Mr. Hughes misinformed petitioner of the length of the sentence that would be served is without merit, as is the claim that Mr. Hughes failed to investigate the case.
>
> The Court is of the opinion that Mr. Hughes is an experienced and competent attorney whose representation of petitioner was well within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In order to receive post-conviction relief on the basis of ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936. Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 5067. Moreover, on appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991); Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

From the record before this Court, we do not find that the evidence preponderates against the trial court's finding that the petitioner received effective assistance of counsel.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. Because the petitioner is indigent, costs of this appeal are taxed to the state.

-2-

Enter this the _____ day of August, 1997.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JERRY L. SMITH, JUDGE