**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE**

**FILED**

March 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **TOMMY MACK BLEVINS,** | ) |
| | ) |
| Appellant, | )   **C.C.A. NO. 01C01-9711-CR-00508** |
| | )   **(No. 933-0062 Below)** |
| VS. | ) |
| | )   **PUTNAM COUNTY** |
| **STATE OF TENNESSEE,** | ) |
| | )   **The Hon. Leon C. Burns, Jr.** |
| Appellee. | ) |
| | )   **(Denial of Post-Conviction Relief)** |
| | )   **AFFIRMED PURSUANT TO RULE 20** |

### O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Finding that the trial court properly denied post-conviction relief, we grant the state's motion to affirm the judgment pursuant to Rule 20.

The petitioner contends that he received ineffective assistance of counsel. Specifically, he contends that counsel was ineffective by failing to call Allen Gullett and Keith Napier to testify on his behalf and by denying him the opportunity to testify on his own behalf.

In denying relief, the trial court held that the testimony of the petitioner was not credible and that there was no ineffective assistance of counsel. The trial court determined that trial counsel made efforts to reach witnesses whose names were provided to him by the petitioner, including Mr. Napier, that Mr. Gullett's name was not given to trial counsel until the trial was nearly over, giving him no chance to locate and talk with him, and that trial counsel advised the petitioner not to testify on his own behalf, and "certainly with the prior record and being on parole, and counsel cannot be held to be ineffective for advising the petitioner that he shouldn't testify in light of the prior record that Mr. Blevins had."

In seeking post-conviction relief on the basis of ineffective assistance of counsel, a petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v.

<u>Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).

On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. <u>Rhoden v. State</u>, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). The burden is on the petitioner to show that the evidence preponderates against those findings. <u>Clenny v. State</u>, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), <u>cert</u>. <u>denied</u>, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

Having reviewed the record in this case, the petitioner's brief, and the state's motion, we find that the petitioner has failed to show that the evidence preponderates against the trial court's findings.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner being indigent, costs are taxed to the state.

ENTER, this the _____ day of _____, 1998.

_____
JOHN H. PEAY, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE