**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE**

**DANIEL J. HARMON,**

      Appellant,

VS.

**STATE OF TENNESSEE,**

      Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**C.C.A. NO. 01C01-9708-CR-00378
(No. 93C-1083 Below)**

**DAVIDSON COUNTY**

**The Hon. Cheryl Blackburn**

**(Denial of Post-Conviction Relief)
AFFIRMED PURSUANT TO RULE 20**

**FILED**

April 27, 1998

Cecil W. Crowson
Appellate Court Clerk

**O R D E R**

      This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.  Finding that the trial court properly denied post-conviction relief, we grant the state's motion to affirm the judgment pursuant to Rule 20.

      The petitioner was charged with one count of assault, two counts of aggravated kidnapping, one count of aggravated rape, and one count of harassment.  A jury convicted him of rape, assault, and aggravated kidnapping.  The judgment was affirmed by this Court. State v. Daniel Joseph Harmon, No. 01C01-9412-CR-00412 (Tenn. Crim. App., at Nashville, Oct. 25, 1995).  In this appeal from the denial of post-conviction relief, the petitioner contends that trial counsel was ineffective by failing to offer the substantial defense of alibi to the aggravated kidnapping charges.  Specifically, the petitioner argues that trial counsel should have called Gerald Mire as a witness in support of an alibi defense to the kidnapping charges.

      In denying relief, the trial court made the following findings on this issue:

> The Court finds from the testimony of [trial counsel], Gerald Mire and Daniel Harmon that the decisions not to cross examine and to rely upon the consent theory were tactical decisions.  The Court finds the testimony of [trial counsel] to be much more credible on this issue than the testimony of Gerald Mire or the petitioner.

      In seeking post-conviction relief on the basis of ineffective assistance of counsel, a petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v.

Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).

On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). The burden is on the petitioner to show that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

Having reviewed the record in this case, the petitioner's brief, and the state's motion, we find that the petitioner has failed to show that the evidence preponderates against the trial court's findings. Trial counsel's decision to present a consent defense rather than an alibi defense and to not call Gerald Mire as an alibi witness were clearly informed strategic decisions which should not be second-guessed by this Court.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner being indigent, costs are taxed to the state.

ENTER, this the _____ day of April, 1998.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE