IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ARZOLIA CHARLES GOINES, | ) | C.C.A. NO.  03C01-9710-CR-00456 |
| | ) | |
| Defendant/Appellant | ) | KNOX COUNTY |
| | ) | |
| v. | ) | HON. RAY L. JENKINS, JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-conviction relief) |
| | ) | |
| Appellee | ) | |

FOR THE APPELLANT:

Mark E. Stephens
District Public Defender

Aubrey L. Davis
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN  37921

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Todd R. Kelley
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN  37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

# O P I N I O N

This is an appeal from the dismissal of the petitioner's petition for post-conviction relief after an evidentiary hearing. The plaintiff was attacking his conviction for various offenses and a finding that he was a habitual offender, for which he was sentenced to serve a life sentence.[1]

The petitioner contends the record does not support the ruling of the trial judge.

We affirm the judgment.

The petitioner contends that his convicting trial attorney was incompetent because he failed to interview 25 alibi witnesses whom the petitioner provided names of, and that counsel was incompetent for failure to spend adequate time on the defense of the case.

While we do not find counsel to be incompetent as alleged by the petitioner, a review of the record, including the convicting record, which was properly introduced, convinces us there is nothing to show any alleged misdeeds by counsel would entitle the petitioner to relief.

The petitioner has the burden of proving the allegations in the petition. *Clenny v. State,* 576 S.W.2d 12 (Tenn. Crim. App. 1978). Further, the plaintiff "must show that there is a reasonable probability that, but for counsel's unprofessional error the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668 (1984). The petitioner failed to show any misdeeds by counsel or any prejudice by reason of the alleged misdeeds by counsel.

The petitioner's counsel at the convicting trial had subpoenas issued for all of the witnesses whose names were given to him by the petitioner. Only one of them, the petitioner's parole officer, appeared. None of those whom the plaintiff said would give him an alibi defense appeared at the convicting trial.

---

[1] The plaintiff was convicted in 1988. After unsuccessful appeals, he filed a post-conviction petition in 1990. For various reasons, the case languished until now.

On the claim of inadequate time in preparation for trial, the petitioner and defense counsel differ. Counsel testified he spent 23 hours in preparation for trial. The petitioner claimed much less time on trial preparation.

In our view, the most convincing aspect of this case was the failure of the petitioner to carry the burden or the "but for" rule of *Strickland.*

The convicting testimony at trial showed the victim of the crime identified the petitioner as the perpetrator of these crimes. In addition to this, a letter fell from the petitioner's car at the crime scene. This letter was addressed to the petitioner. All in all, as the trial judge in this post-conviction hearing found, the proof of guilt was overwhelming.

Beyond this, the petitioner offered none of the alleged alibi witnesses at the post-conviction hearing to support his claim of a lost alibi defense. The absence of this and the petitioner's claim that another person, who died before trial and who was a Caucasian, committed the crime was not particularly convincing because the victim described the perpetrator of the crime as a black person. The petitioner is black.

Based upon this record, we do not find the evidence preponderates against the judgment of the trial court. It appearing that the defendant is indigent, costs of the appeal are taxed to the State.

_____

John K. Byers, Senior Judge


CONCUR:



_____
James Curwood Witt, Jr., Judge



_____
Norma McGee Ogle, Judge