IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**JEFFREY LYNN CRAVENS v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Grainger County**
**No. 6382     Rex Henry Ogle , Judge**

---

**No. E1999-00385-CCA-R3-PC - Decided June 14, 2000**

---

Petitioner Jeffrey Lynn Cravens filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel at trial. Following an evidentiary hearing, the post-conviction court denied the petition. Petitioner challenges the denial of his petition. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WOODALL, J. delivered the opinion of the court, in which TIPTON, J. and GLENN, J. joined.

Robert M. Burts, Rutledge, Tennessee, for the appellant Jeffrey Lynn Cravens.

Paul G. Summers, Attorney General and Reporter, Peter M. Coughlan, Assistant Attorney General, Alfred C. Schmutzer, Jr., District Attorney General, and Michael A. Gallegos, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  BACKGROUND**

In 1992, Petitioner was convicted of first degree murder, felony murder, and especially aggravated robbery. Thereafter, Petitioner received a total effective sentence of life plus twelve years. On direct appeal, this Court merged the convictions for first degree murder and felony murder, but otherwise affirmed the convictions and sentences. See State v. Jeffrey Lynn Cravens, No. 03C01-9309-CR-00319, 1994 WL 444623 (Tenn. Crim. App., Knoxville, Aug. 16, 1994).

Petitioner filed a petition for post-conviction relief on May 1, 1995, and an amended petition on March 21, 1997. The post-conviction court conducted an evidentiary hearing on July 15, 1999.

Susanna Thomas testified during the hearing that she was co-counsel for Petitioner at trial, but she had little involvement in the case and she did not join the defense until a few weeks before trial. Edward Miller was lead counsel, and Thomas' role was limited to cross-examining one witness and making closing argument.

Thomas testified that the defense strategy was to attempt to suppress a statement that Petitioner had given and to establish an alibi defense. The defense was unsuccessful in obtaining suppression of the statement, so counsel focused on establishing that Petitioner was not at the crime scene during the time in question by calling three witnesses who had seen the co-defendant at the scene with a woman instead of Petitioner. Thomas testified that another strategy that was discussed was the possibility of calling Dr. Riley Senter to testify that a person who had ingested as much alcohol and drugs as Petitioner indicated that he had could not have formed an intent to commit premeditated murder. This strategy was discussed because Petitioner had indicated that he had consumed a great deal of alcohol and drugs and was passed out in the back seat of a car when the offenses were committed.

Thomas testified that at best, Dr. Senter could have only provided an incomplete defense in that his testimony might have provided a defense for first degree murder, but it would not have been a defense to the lesser-included offense of second degree murder or the charge of felony murder. Thomas also noted that using Dr. Senter would have been inconsistent with the complete defense of having witnesses testify that they had seen the victim with someone else because using Dr. Senter would amount to an admission that Petitioner was involved in the commission of the offenses. Therefore, a decision was made to assert a complete defense rather than an incomplete defense.

Thomas testified that Petitioner had initially elected not to testify during trial, but he subsequently changed his mind on the second or third day of trial. When Petitioner indicated that he might want to testify, Thomas talked to him about possible questions that he could be asked on direct and cross-examination. Petitioner then spoke to Miller, who told Petitioner that he would not be able to help himself by testifying because he could only testify that the last thing he remembered, he was passed out in a car. Petitioner decided to follow Miller's advice and he decided not to testify. Thomas testified that if Petitioner had testified that he was passed out in the back of the car, it would have been inconsistent with the testimony of the other witnesses who had seen someone other than Petitioner in the car. Defense counsel also felt that it was best to leave the jury with "residual doubt" about whether Petitioner actually was at the crime scene because even if Petitioner was convicted, the jury would be less inclined to impose a death sentence if there was some doubt about Petitioner's guilt. Thomas testified that after she advised Petitioner that he could testify if he wanted and Miller gave Petitioner his opinion, Petitioner made the ultimate decision about whether he should testify.

Van Helton testified that she investigated Petitioner's case under the direction of Miller. Helton testified that Dr. Senter was prepared to testify that Petitioner could not have known what he was doing if he had ingested the amount of alcohol and drugs that he claimed to have ingested.

Petitioner testified during the evidentiary hearing that on the date the offenses were committed, he had consumed a great deal of alcohol and drugs and he had passed out on a couch at his residence. Petitioner stated that after he passed out, the next thing he could remember was that the co-defendant approached him and confessed to killing somebody.

Petitioner testified that Miller only met with him two or three times before trial. Petitioner stated that he had been under the impression that Dr. Senter would testify at trial, and he was never

told why Dr. Senter was not called to testify. Petitioner also testified that he wanted to testify at trial and he was not sure why he was not called to testify. Petitioner would have testified that he was not at the crime scene and that the statement he gave to police was coerced.

## II. ASSISTANCE OF COUNSEL

Petitioner contends that he received ineffective assistance at trial.

Article I, Section 9 of the Tennessee Constitution provides "that in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." Tenn. Const. art. I, § 9. Similarly, the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. "These constitutional provisions afford to the accused in a criminal prosecution the right to effective assistance of counsel." Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advise given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component." Id.

Because Petitioner filed his petition before the effective date of the 1995 Post-Conviction Procedure Act, he had the burden of proving his allegations by a preponderance of the evidence. See Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1974) (superseded by Tennessee Code Annotated section 40-30-210(f) (requiring clear and convincing evidence)). The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's application of the law to the facts is reviewed de novo without any presumption of correctness. Id. "[T]he issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact" and thus, our review of these issues is de novo. Id. (citation omitted). We note that some members of this court believe that the standard of review for such issues remains preponderance of the evidence of record. See, e.g. Henley, 960 S.W.2d at 579-80. Regardless of which standard is used, the result in this case is the same.

**A.**

Petitioner contends that he received ineffective assistance of counsel at trial because Miller did not allow him to testify.

Although Petitioner testified during the post-conviction hearing that he wanted to testify at trial and he was not sure why he was not called to testify, Thomas testified that Petitioner made the ultimate decision not to testify after discussing the decision with Miller. Thomas testified that Petitioner had initially elected not to testify during trial, but he subsequently changed his mind on the second or third day of trial. Thomas testified that when Petitioner indicated that he might want to testify, he spoke to Miller and Miller told Petitioner that he wouldn't be able to help himself by testifying because he could only testify that he was passed out in a car when the offenses were committed. Thomas testified that Petitioner then decided to follow Miller's advice and he decided not to testify. Thomas testified that she was satisfied that Petitioner knew that he had right to testify. Obviously, the post-conviction court accredited the testimony of Thomas that Petitioner himself made the ultimate decision that he would not testify at trial. Further, Petitioner has not even alleged that he was prejudiced by this alleged deficiency.

In short, Petitioner has failed to satisfy his burden of showing that Miller was deficient in any manner in regard to the failure to call Petitioner at trial and Petitioner has also failed to satisfy his burden of showing that he was prejudiced by any alleged deficiency. Petitioner is not entitled to relief on this issue.

**B.**

Petitioner contends that he received ineffective assistance of counsel at trial because Miller failed to call Dr. Senter to testify that Petitioner could not have known what he was doing if he had ingested the amount of alcohol and drugs that he claimed to have ingested.

Thomas testified that although the possibility of calling Dr. Senter was discussed, Dr. Senter could have only provided an incomplete defense in that his testimony might have provided a defense for first degree murder, but it would not have been a defense to the lesser-included offense of second degree murder or the charge of felony murder. Thomas also testified that using Dr. Senter would have been inconsistent with the complete defense of having witnesses testify that they had seen the victim with someone other than Petitioner because using Dr. Senter would amount to an admission that Petitioner was involved in the commission of the offenses and thus, a decision was made to assert a complete defense rather than an incomplete defense.

This Court may not second guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App.1997). "Trial counsel may not be deemed ineffective merely because a different procedure or strategy might have produced a different result." Alley, 958 S.W.2d at 149. We conclude that Miller's decision not to

-4-

call Dr. Senter was clearly a tactical one. We cannot second guess Miller in this regard. See Hellard, 629 S.W.2d at 9.

In addition, we note that Dr. Senter did not testify during the post-conviction hearing. When the claim of ineffectiveness is predicated upon the failure to present a potential witness, the witness' testimony should be offered at the post-conviction hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App.1990). In this manner, the court can consider whether the failure to call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner. Id. Neither the trial court nor this Court can speculate on what a witness' testimony might have been if introduced. Id. Therefore, it is impossible for Petitioner to establish that he was prejudiced by Miller's failure to call the witnesses at trial.

In short, Petitioner has failed to satisfy his burden of showing that Miller was deficient in failing to call Dr. Senter to testify during trial and Petitioner has also failed to satisfy his burden of showing that he was prejudiced by any alleged deficiency. Petitioner is not entitled to relief on this issue.

## C.

Petitioner contends that he received ineffective assistance of counsel at trial because Miller did not adequately investigate the case or prepare for trial.

Although Petitioner makes the conclusory allegation that Miller was ineffective in this regard, he has failed to identify anything that Miller could or should have done to more completely investigate or prepare for trial. Indeed, during the post-conviction hearing, Petitioner could not identify any witnesses that Miller should have interviewed that he failed to interview and Petitioner could think of nothing more that Miller could have done to advance the defense theory that Petitioner was not at the crime scene when the offenses were committed. Further, Petitioner has not even argued that he was prejudiced by Miller's alleged lack of investigation and preparation.

In short, Petitioner has failed to satisfy his burden of showing that Miller was deficient in his investigation and preparation for trial and Petitioner has also failed to satisfy his burden of showing that he was prejudiced by any alleged deficiency. Petitioner is not entitled to relief on this issue.

## III. CONCLUSION

In conclusion, Petitioner has failed to establish that his trial counsel provided representation that was deficient in any manner. Moreover, Petitioner has failed to demonstrate that he was prejudiced by any alleged deficiency and in fact, he has made little effort to establish prejudice. Accordingly, the judgment of the post-conviction court is AFFIRMED.