# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 2000 Session

## ERIC YOUNG v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C99-356     Roy B. Morgan, Jr., Judge**

---

**No. W2000-00057-CCA-R3-PC - Decided September 21, 2000**

---

In this appeal from the trial court's denial of his post-conviction petition, the petitioner argues that he received ineffective assistance of counsel and that his guilty plea was unknowing and involuntarily entered.  We find no error in the trial court's denial of the post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

M. Dianne Smothers, Jackson, Tennessee, for the appellant, Eric Young.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The petitioner, Eric Young, appeals from the Madison County trial court's denial of his post-conviction petition.  He argues that when, in September 1998, he entered his guilty plea to facilitation of first degree murder, his plea was entered only as a result of ineffective assistance of counsel and was otherwise deficient as it was involuntary and unknowingly entered.  After a hearing, the trial court denied his petition.  We now affirm.

### Facts

On September 30, 1998, the petitioner pled guilty to one count of facilitation to commit first degree murder.  Over a year later, October 7, 1999, the petitioner filed a pro se petition for post-conviction relief asserting ineffective assistance of counsel and asserting that his guilty plea was involuntary and unknowingly entered.  Specifically, he contends that his trial counsel failed

to properly inform him of the effective length of his sentence and his expected parole eligibility date. In response to this petition and these charges, the trial court conducted an evidentiary hearing at which the petitioner and his trial counsel testified.

Petitioner's counsel, Ramsdale O'DeNeal, Jr., testified that he met with the petitioner several times prior to the petitioner's pleading guilty. He stated that during these meetings, he explained to the petitioner the difference between a Range I and Range II offender, and that he was satisfied that the petitioner understood his guilty plea. Further, he testified that the defendant was never promised that he would be paroled in thirteen years. Finally, he characterized the evidence against the petitioner, which included the testimony of two codefendants and a confession, as overwhelming.

The petitioner testified that he only remembered, with certainty, one meeting with his counsel. At this meeting, the petitioner testified that his counsel stated that the petitioner "will do about thirteen years and you'd make parole." Further, the petitioner explained, this assurance was the reason he entered the guilty plea. However, the petitioner admitted that his counsel did not make an actual promise of thirteen years.

## Analysis

### *Statute of Limitations*

First, we address the state's argument that this petition for post-conviction relief was filed outside the applicable statute of limitations and therefore should be time-barred. Although it is true that a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date on which the judgment became final or consideration of the petition will be time barred, and that this petition was finally filed over one year from final judgment, we will not now rule that this petition is time-barred. See Tenn. Code Ann. § 40-30-202(a). The trial court addressed this matter at the post-conviction hearing and found by clear and convincing evidence that the petitioner complied with the applicable statute of limitations. The state presents no argument that this finding was in error, and therefore, we will not disturb that conclusion. We address, as did the trial court, this petition on the merits.

### *Ineffective Assistance of Counsel and Involuntary and Unknowing Guilty Plea*

The petitioner argues that his trial counsel was ineffective by incorrectly advising him as to his effective sentence and parole eligibility release date and therefore his guilty plea was unknowing and involuntary. We have reviewed the petitioner's arguments, the transcript of the post-conviction hearing, and the guilty plea transcript. We find that the petitioner has not demonstrated that the trial court erred in denying his petition.

-2-

We review ineffective assistance of counsel claims arising out of guilty pleas under the well-established standard set out in Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In Hill, the United States Supreme Court addressed the issue of alleged involuntary guilty pleas resulting from erroneous or negligent advice by trial counsel and merged the Strickland test for ineffective assistance with the traditional requirements for a valid guilty plea. Hill, 474 U.S. at 59, 106 S. Ct. 370. The Strickland test provides that, to prevail on a claim of ineffective counsel, the defendant must establish that (1) the services rendered by counsel were deficient and (2) he/she was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). As applied to guilty pleas, the first prong, deficient performance remains the same, i.e., counsel failed to exercise the customary skill and diligence that reasonably competent counsel would provide under similar circumstances. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Walton v. State, 966 S.W.2d 54-55 (Tenn. Crim. App. 1997). However, the prejudice requirement focuses on whether counsel's ineffective performance affected the outcome of the plea process. See Hill, 474 U.S. at 58, 106 S. Ct. at 370. In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Id.; see also Walton, 966 S.W.2d at 55.

Generally, the "prejudice" inquiry will closely resemble the inquiry courts make in reviewing ineffective assistance challenges to convictions obtained through a trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Indeed, the focus is not only upon the actual "error" committed by counsel, but whether counsel acted competently in that (1) counsel would have changed his recommendation as to the plea or (2) whether competent performance would likely have changed the outcome of a trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370-71.

In the present case, the post-conviction court concluded that the appellant received the competent assistance of counsel and, consequently, entered his plea knowingly and voluntarily. A trial court's findings of fact in a post-conviction hearing are conclusive on appeal unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied.

The trial court in this case heard the testimony of both trial counsel and the petitioner and evaluated the testimony of the two, making these certain explicit findings:

> The Court rules that the petitioner has not carried his burden of proof and that trial counsel's performance in no way resulted in any abridgment of any constitutional right of the petitioner.

> The Court finds that the defendant has testified inconsistently and that his testimony is in conflict with the allegations of his petition. Specifically, the

-3-

petitioner states that he was told that he would be released on parole in thirteen years but states in the petition that it was between ten and twelve years.

The defendant did testify that he knew that there were no guarantees as to any parole dates and this is reflected in the documents which were submitted to the Court. Although the defendant also stated in his testimony that he did not understand that there were no guarantees on release, this is an inconsistency in his testimony and is inconsistent with the documents submitted to the Court and therefore undermines the credibility of the petitioner's testimony.

The Court has read the transcript and it is apparent from the transcript that the defendant knew that he could serve at least 45% of 60 years which was stated at the guilty plea proceeding and the defendant acknowledged that such was his understanding of the plea agreement.

The Court also notes from the transcript that the defendant was specifically asked if he was satisfied with his attorney, Mr. O'Deneal and he stated that he was.

The Court finds that there is nothing in the evidence that demonstrates by clear and convincing [evidence] that the petitioner did not fully understand the plea agreement and the consequences of that plea especially that he might have to serve up to 60 years of his sentence.

The defendant has failed to demonstrate by clear and convincing proof that even had he misunderstood the plea agreement as to the length of time he would actually serve that he would not have pled guilty and proceeded to trial. Specifically when asked the defendant could not state one fact that he could have presented at trial in his defense. The State's case was overwhelming and would in all reasonable probability resulted in a conviction of first degree murder and a minimum sentence of life in prison. The petitioner has failed to demonstrate by any proof that he would have insisted on a trial in this case.

The Court finds that trial counsel was effective and competent and the petitioner entered into this agreement fully aware of all the consequences of the plea agreement including the possibility of serving up to 60 years in prison and that there were no promises or guarantees as to any parole dates.

The petition is therefore denied.

Accordingly, the trial court ruled that the petition must be denied.

After extensive review of the record, the petitioner clearly has not demonstrated that the evidence in the record preponderates against these findings. We note that the state with very strong evidence was seeking life without the possibility of parole and that no actual promise of thirteen years was ever made. Further, we note that trial counsel acknowledges that regardless of the exact parole eligibility date, the petitioner would have pled guilty anyway because the evidence against him was overwhelming and included a confession. Therefore, we affirm the order denying the petitioner's petition for post-conviction relief.

**Conclusion**

Accordingly, we affirm the trial court's denial of the petitioner's post-conviction petition.

_____
JOHN EVERETT WILLIAMS, JUDGE