IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2006

## TERRY M. ODOM V. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court of Davidson County**
**No 2003-C-1884    Mark Fishburn, Judge**

**No. M2005-02564-CCA-R3-PC - Filed October 12, 2006**

Petitioner, Terry M. Odom, was indicted on three counts of aggravated sexual battery. Pursuant to a plea agreement, petitioner pled guilty to one count and received an eight-year sentence at 100% while the two remaining counts were dismissed. Petitioner filed a petition for post-conviction relief and after the appointment of counsel filed an amended petition. Following an evidentiary hearing on August 3, 2005, the trial court denied the petition. On appeal, petitioner claims the trial court erred in denying relief. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Criminal Court is Affirmed**

J.S. DANIEL, SR.J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Ryan C. Caldwell, Nashville, Tennessee, Attorney for the Petitioner, Terry M. Odom.

Paul G. Summers, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General, Victor S. Johnson, District Attorney General; Kathy Morante, Assistant District Attorney General; for Appellee, State of Tennessee.

## OPINION

### BACKGROUND

Petitioner, Terry M. Odom, was indicted by the Davidson County grand jury on three counts of aggravated sexual battery in violation of Tennessee Code Annotated section 39-13-504. Due to a conflict with the Public Defender's Office, Jim McNamara was appointed to represent petitioner on the original charges. According to testimony presented at a post-conviction evidentiary hearing, counsel met with petitioner on five or six occasions.  Each meeting lasted approximately thirty to

forty-five minutes.

During pre-trial preparations, counsel learned that petitioner claimed he was bipolar and schizophrenic and was taking at least three types of medication related to these mental conditions. As a result, counsel filed a motion for a mental evaluation, including claims of mental defects and/or mental retardation. However, following the ordered examinations, the results indicated petitioner was competent to stand trial and had no mental condition defense.

Based on discussions with counsel about the offenses and possible ranges of punishment, petitioner decided to accept a plea agreement whereby he would enter a plea of guilty to Count One of the indictment (aggravated sexual battery) and receive an eight-year sentence. The plea agreement also provided that the two remaining counts would be dismissed.

On March 25, 2004, the petitioner executed a written petition to enter plea of guilty. The petition included the rights afforded petitioner, his understanding of the indicted offenses and range of punishment (and fine) for the offenses. Pursuant to this petition, petitioner entered a guilty plea to aggravated sexual battery and received the eight-year sentence at 100 percent as recommended in the plea agreement.

On March 10, 2005, petitioner caused to be filed a *pro se* petition for post-conviction relief. In his petition, petitioner claimed his guilty plea was not knowing and voluntary due in large part to the ineffective assistance of counsel.

At the post-conviction evidentiary hearing, the petitioner testified that he met with appointed counsel on five or six occasions but rarely had the opportunity to discuss the facts of the case with counsel. Petitioner stated that he never received a copy of the indictment or discovery and that counsel did not discuss the relative strengths and weaknesses of the case. He said counsel also failed to request any type of pre-trial hearing to challenge the State's evidence through suppression or other motions.

Petitioner testified that when he was sixteen-years old he was diagnosed as bipolar, paranoid schizophrenic and mentally retarded. He said that at the time of taking the plea he was on Haldol, Depakote, Risperdal, Cogentin, and Tegretol. Petitioner said that even though he did not know the effects of these medications, he was not in his right frame of mind at the time of the plea. He said he was suffering from dizzy spells and was nauseous.

When asked if he was forced or threatened to plead guilty, petitioner responded that his father and step-mother told him if he did not take the plea something would happen to him. Finally, petitioner said he asked counsel to file for a bond reduction but that counsel failed to do so.

On cross-examination, petitioner testified that he was on two medications at the time of the evidentiary hearing but was suffering from no dizzy spells. He stated he could not recall whether the trial court asked him about his mental condition at the time of the plea. Petitioner acknowledged that he faced three counts of aggravated sexual battery with a possible punishment of eight to twelve

2

years for each. He further conceded he received the minimum sentence within the range as part of the plea and that at a separate sentencing hearing he probably would have gotten more time.

At the conclusion of petitioner's direct and cross examinations, the trial court asked petitioner if he recalled the colloquy that occurred between the court and petitioner at the taking of the plea. The court asked petitioner about each question asked during the plea hearing. Petitioner responded that he did not recall any of these questions asked by the court.

Petitioner's trial counsel testified that he served as appointed trial counsel for petitioner and had been practicing law since 1996. He agreed with petitioner that they met five or six times to discuss the case with each meeting lasting between thirty and forty-five minutes each. He noted that one meeting was a bit longer than the others.

When counsel and petitioner began to discuss the defense, counsel sought to use a diminished capacity defense or a defense of mental defect. To that end, he assembled all of petitioner's records and obtained a court-ordered evaluation. Pursuant to this order, the petitioner was evaluated for mental illness relating to his competency to stand trial or for a possible insanity defense. Petitioner was also examined by a mental retardation specialist. However, the evaluation revealed petitioner was competent and had no basis for an insanity or diminished capacity defense. Counsel said he discussed the results with the petitioner.

Trial counsel testified that he advised petitioner of his right to a jury trial. He also discussed the plea offer. Had petitioner told him he did not want to accept the plea offer, counsel would have moved for a trial. As to the guilty plea, counsel reiterated his belief that petitioner understood the plea offer and that he was pleading guilty.

On cross-examination, counsel said he recalled discussing petitioner's medications with him. He recalled an episode during the representation during which petitioner seemed unorganized and had difficulty communicating. Based on counsel's experience with petitioner, the medication aided in their communication.

## DISCUSSION

Petitioner claims the trial court erred in denying post-conviction relief. On appeal, his primary argument is that his guilty plea was not knowing and voluntary due in part to ineffective counsel. As discussed below, we find no merit in this contention.

### *Burden of Proof*

Tennessee Code Annotated section 40-30-103 (2003) provides that in order for a petitioner to obtain post-conviction relief, the petitioner must show that his or her conviction or sentence is void or voidable because of the abridgement of a constitutional right. The petitioner bears the burden of proving the factual allegations in the Petition for Post-Conviction Relief by clear and convincing

evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusion drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal it is the burden of the petitioner to show that the evidence preponderates against the lower court's findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below the "range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief.

In the present case, petitioner's claim that his guilty plea was not knowing and voluntary is tied closely to his claim that counsel was ineffective. Because the thrust of his claim relates to his guilty plea, the Court finds it useful to analyze the claim based on the following standard.

### *Standard of Review*

Appellate review of a trial court's determination of whether a petitioner has entered a plea knowingly and voluntarily is under a de novo standard of review consistent with the standards set forth in Tennessee Rules of Appellate Procedure 13(d). As such, the trial court's findings of fact on the underlying claim are reviewed upon a de novo standard accompanied with the presumption that those findings are correct unless a preponderance of the evidence is otherwise. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). However, a trial court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness given to the trial court's conclusions. Id. at 457.

A defendant who enters a plea of guilty simultaneously waives several constitutional rights including his privileges against compulsory self-incrimination, his right to trial by jury and his right to confront his accusers. For this waiver to be valid under due process, it must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U. S. 458, 464 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of law in relation to the facts. Boykin v. Alabama, 395 U. S. 238, 244 (1968).

In order to find that a plea was entered "intentionally" or "knowingly," Boykin requires that the trial court "canvas the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." Id. at 244. Our Supreme Court has adopted the principles enunciated in the Boykin analysis in determining voluntary and intentional pleas of guilty. Blankenship v. State, 858 S.W.2d 897, 903 (Tenn. 1993).

Petitioner claims counsel was ineffective, and therefore, his plea was not knowingly and voluntarily entered. However, within this argument, petitioner additionally claims the entry of his plea was flawed due to the influence of various medications and due to threats from his father and stepmother.

First, petitioner directs his attack on trial counsel's performance. Petitioner claimed, among other things, that counsel failed to adequately meet with him, failed to advise him of his right to a jury trial, failed to provide copies of the indictment and discovery, and failed to advise him of the relative strengths and weaknesses of the case. However, viewing the record as a whole, these contentions are without merit.

Both petitioner and counsel agreed that they met five or six times prior to entry of the guilty plea. From the beginning, counsel knew of petitioner's mental condition and had hoped to capitalize on it. In fact, he sought and obtained a court order for an evaluation not only for competence but also as to mental retardation. Only when the results revealed no competence or mental retardation did counsel turn to thoughts of a plea offer or alternative strategy.

The indictment alleged sexual contact by petitioner and a two-year-old child. Petitioner gave a statement in which he said he did not masturbate at the time he touched the child but did so later while thinking of it. The case also involved the proposed testimony of a state witness who was the eleven-year-old brother of the victim. According to the discovery, the brother walked in on the petitioner touching the victim. Counsel noted the difficulty and necessity of cross-examining the minor witness.

Even though petitioner made various general claims against trial counsel and his performance, none rose to the level of ineffective counsel contemplated by Strickland. Most importantly, nothing in counsel's performance indicates petitioner's plea was involuntary or unknowing because of some failure on the part of counsel. Because this Court finds no evidence of a deficient performance, it is unnecessary to address Strickland's prejudice prong.

Next, petitioner claims he was under the influence of various medications at the time of his plea and therefore the resulting plea was not knowing and voluntary. Petitioner testified that he was taking four or five medications at the time of his plea. He also said he was suffering dizzy spells and was nauseous on the day of the plea. Counsel acknowledged the medications taken by petitioner but did not see a marked difference on the day of the plea. Trial counsel testified that he had seen the effects on petitioner when he had not taken his medication.

During the plea colloquy, the trial court specifically inquired into the use of any medication. The petitioner informed the court of his mental condition diagnoses and of his medication. However, he responded that they did not affect his ability to engage in the plea discussion with the court. Petitioner further responded that he was not under the influence of any intoxicant. Petitioner's claim that the medication rendered his plea involuntary and unknowing is simply unsupported by the evidence.

5

In his next basis, petitioner maintains he was threatened or coerced into entering the guilty plea. He testified that his father and stepmother told him something would happen to him if he did not accept the offer. No specific threats were ever adduced at the hearing. The claim was not developed with further testimony. Without some type of evidence to support such a claim, this Court has no ability to address its merits.

Finally, even though petitioner raised various other general claims, he has failed to establish their existence by clear and convincing evidence. Accordingly, we find that the trial court's denial of post-conviction relief must be affirmed.

_____

J.S. Daniel, Senior Judge