# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## AUGUST SESSION, 1997

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

ODELL RAY, JR.,        )

       )     No. 02C01-9607-CR-00234

        Appellant      )

       )     SHELBY COUNTY

vs.        )

       )     Hon. ARTHUR T. BENNETT, Judge

STATE OF TENNESSEE,        )

       )     (Post-Conviction)

        Appellee      )

For the Appellant:

**MELANIE E. TAYLOR**
50 North Front Street
Suite 1150
Memphis, TN  38103

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**DAVID SHAPIRO** and
**JENNIFER NICHOLS**
Asst. District Attomeys General
Criminal Justice Complex
Suite 301
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Odell Ray, Jr., was indicted by a Shelby County Grand Jury for the April 30, 1993, premeditated murder of Willie Hicks. On the second day of the appellant's scheduled trial, he entered a guilty plea to a reduced charge of second degree murder. Pursuant to his plea agreement, the appellant was sentenced to forty-five years in the Department of Correction, with a thirty-five percent release eligibility date, as a range II offender.[1] On June 16, 1994, the appellant filed a *pro se* petition for post-conviction relief, this petition was later amended on February 23, 1995, with the assistance of counsel. The appellant's petition alleges that his trial counsel was ineffective and that the trial court imposed an illegal sentence, i.e., the sentence imposed was outside the applicable sentencing range. In reference to his ineffective assistance of counsel claim, the appellant contends that (1) counsel failed to confer with him concerning matters of defense; (2) counsel failed to conduct appropriate investigations and discovery; (3) counsel failed to inform the defendant that he was pleading outside his range; and (4) counsel failed to submit any motions on the defendant's behalf. The post-conviction court, after conducting an evidentiary hearing, denied the appellant relief. The appellant now appeals this denial.

The testimony at the evidentiary hearing revealed that defense counsel met with the appellant on four or five occasions, each lasting between thirty and forty-five minutes. All of the State's witnesses and the majority of potential defense witnesses were interviewed. No discovery motions were filed because the State permitted an open examination of their case file. Trial counsel testified that he examined the entire file "page for page, paper for paper." Testimony at

---

[1]Thus, the appellant, who qualified as a range I offender, pled guilty as a range II offender (thirty-five percent release eligibility) to a range III, sentencing range of forty-five years. The sentencing range for a range II offender of a class A felony is twenty-five to forty years; the sentencing range for a range III offender is forty to sixty years. Tenn. Code Ann. § 40-35-112(b)(1) (1990).

the evidentiary hearing revealed that, had the trial proceeded, at least four witnesses would have testified that they observed the appellant shoot the victim approximately nine times at point blank range.  Trial counsel stated that the State's initial settlement offer was twenty years; the appellant rejected this offer.  However, after the first day of his scheduled trial, the appellant indicated that he wanted to pursue a guilty plea.  At this point, trial counsel attempted to renegotiate the initial twenty year offer, which was rejected by the State with a counter-offer of forty-five years as a range II offender.  The appellant indicated that he would accept the State's offer of forty-five years.  Counsel informed the appellant that, as a consequence of accepting the State's final offer of forty-five years as a range II offender, he would be accepting a sentence five years outside the range.

In denying relief, the post-conviction court accredited the testimony of the appellant's trial counsel and concluded that the appellant had failed to show either that "counsel's representation fell below the range required in [Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)]," or that counsel committed "errors that prejudiced [the appellant] such as to deprive him of a fair trial with a reliable result."  Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984).  The court further found that both defense counsel and the court "painstakingly and scrupulously advised [the appellant] of his rights and the Range to which he was pleading."  The court concluded that the forty-five year sentence, although outside the applicable range, i.e., forty years, was, nonetheless, valid.

When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment.  Clenny v. State, 576 S.W.2d 12, 14 (Tenn.

3

Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170 (1979). In this regard, we conclude that the proof does not preponderate against the findings of the post-conviction court that trial counsel's performance was not deficient. Accordingly, the appellant's assertion of ineffective assistance is without merit.

Although this court has been divided as to whether "a sentence within one range coupled with a release eligibility of another range is legal," we find the recent decision of our supreme court in State v. Hicks, 945 S.W.2d 706 (Tenn. 1997), dispositive of this very issue. In Hicks, the court held that such a sentence is valid "when imposed as a result of a plea bargain agreement entered voluntarily and knowingly."[2] Id. The court added that, "where the parties negotiate in good faith and there are no allegations of fraud or misfeasance, the parties are precluded from attacking on appeal the agreed range imposed by the trial court." Id. at 708. Thus, the appellant's knowing and voluntary guilty plea, absent any evidence of fraud or bad faith on behalf of the State, waived any right of the appellant to later challenge the legality of the sentence imposed by the trial court. Accordingly, we find no error of law mandating reversal of the court's judgment. The post-conviction court's denial of the appellant's petition for post-conviction relief is affirmed.

---

[2] The defendant, Hicks, was indicted for first degree murder but ultimately pled guilty as a range I offender to voluntary manslaughter, a class C felony. As part of the plea agreement, Hicks was sentenced to a term of imprisonment of ten years. At the time Hicks was sentenced, the maximum sentence for a range I offender of a class C felony was six years.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JERRY L. SMITH, Judge


_____
THOMAS T. WOODALL, Judge