IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 13, 2003

## JASON MICHAEL CRIM v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 38020     John H. Gasaway, III, Judge**

_____

**No. M2002-03013-CCA-R3-PC - Filed December 12, 2003**

_____

The petitioner, Jason Michael Crim, appeals the trial court's denial of his application for post-conviction relief.  The single issue presented for review is whether the petitioner was denied the effective assistance of counsel.  The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Jeffry S. Grimes, Clarksville, Tennessee, for the appellant, Jason Michael Crim.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 21, 1997, the petitioner was tried and convicted of possession of more than .5 grams of cocaine with intent to sell within 1,000 feet of a school, a Class A felony; possession of less than one-half ounce of marijuana, a Class A misdemeanor; and possession of a firearm on school grounds, a Class E felony.  The trial court imposed Range I, concurrent sentences of 15 years, 11 months and 29 days, and one year, respectively.  The sentences for the latter two convictions were suspended.  Upon direct appeal, this court affirmed. State v. Jason M. Crim, No. 01C01-9803-CC-00101 (Tenn. Crim. App., at Nashville, Feb. 18, 2000).  Application for permission to appeal to our supreme court was denied on September 18, 2000.

The opinion of this court provided a summary of the factual basis for the convictions:

During a routine patrol of the grounds at a Clarksville High School football game, the School Resource Officer observed an illegally parked vehicle in the faculty parking lot.  The officer also observed defendant staggering toward the vehicle.

Once the defendant reached the vehicle, he had trouble getting the keys in the door and sitting in the driver's seat. The officer suspected the defendant was intoxicated and approached the vehicle. When defendant opened the car door, the officer smelled a strong odor of marijuana and saw an open bottle and a glass of beer on the front seat. The officer asked the defendant if he had any identification. The officer testified that defendant had trouble locating his identification; his speech was slurred; his eyes were bloodshot; and he had trouble standing. Due to the level of defendant's intoxication, the officer was unable to conduct a field sobriety test. The defendant was taken into custody.

The vehicle was searched incident to the defendant's arrest. Officers found defendant's brown leather jacket on the backseat. In the pocket of the jacket, officers found a hand-rolled marijuana cigarette and a pill bottle containing several rocks of cocaine. Marijuana seeds were found in the ashtray of the car, and a roach clip was found on the floorboard. Officers also located a loaded .38 caliber pistol between the console and the passenger seat, and found two boxes of ammunition in the back of the vehicle.

On May 31, 2002, the petitioner filed a petition for post-conviction relief seeking a new trial on the basis that his counsel had been ineffective in a number of ways. The petition was amended, counsel was appointed, and an evidentiary hearing ensued. The petitioner, an inmate in the Hardeman County Correctional Facility, testified that he had no discussions with his trial counsel about pretrial motions, particularly a motion to suppress, and had no recollection of whether there had been a preliminary hearing. He complained that there were witnesses to the offense that his trial counsel failed to produce at trial. The petitioner contended that he continued to use drugs while on bail and was "on drugs" at the time of his trial. The petitioner implied that his trial counsel had failed to interview state witnesses and contended that he did not go to the crime scene. On cross-examination, the petitioner was unable to produce the name of any potential witness. He did claim, however, that another person had actually driven the car to the school but had left by the time of his arrest. The petitioner described that witness as "possibly hostile."

Trial counsel testified at the hearing that he had been afforded full discovery by the state in advance of trial and had acquired written reports from the investigating officer. He acknowledged that he filed no motion to suppress the cocaine found in the vehicle of petitioner's car. According to trial counsel, the offense occurred at Clarksville High School during a football game and was discovered by officers who noticed the parked vehicle with its lights on, its motor running, and a door open. Trial counsel recalled that the officers first observed the petitioner walking towards the car. They described him as unstable on his feet and, when they approached, smelled alcohol and marijuana. According to trial counsel, there was no basis to seek suppression of the evidence ultimately found inside the petitioner's motor vehicle. Trial counsel recalled that the arresting officer reportedly did not administer any field sobriety tests due to the petitioner's level of intoxication.

At the conclusion of the hearing, the post-conviction court found that there was no basis for a motion to suppress and made reference to a portion of the officers's testimony from the trial transcript:

> As I approached the vehicle . . . I noticed someone stumbling from the fence that outlined the field to the car. It was the [petitioner]. He was having some problem getting in the car.
>
> I pulled up along side his car, exited my vehicle, and he had already entered his vehicle. I tapped on the window and that's when he opened the door and there was an odor that smelled like burning marijuana . . . . Also, that's when I noticed an open container of beer . . . .
>
> * * *
>
> [The petitioner] was very unstable . . . and . . . was having difficulty getting the key into the door lock and opening the door of the vehicle.
>
> * * *
>
> [H]e appeared to be intoxicated. I looked at [his] ID and it stated that he was under 21.

Because the search of the vehicle which yielded cocaine was incident to his arrest, the post-conviction court determined that a motion to suppress would not have been successful. The court also concluded that if trial counsel had not in fact interviewed the officers who testified at trial, that the petitioner had failed to establish how he had been prejudiced by the omission. The post-conviction court observed the petitioner had failed to produce or even identify, other than gender, the witness he had hoped would testify that she had driven the vehicle to the school grounds. The post-conviction court ruled that the testimony of that witness, if offered as claimed by the petitioner, would not "make a bit of difference in the outcome of the conviction[s], . . . especially since [the petitioner] said here today that he didn't expect that person to say that they owned the gun or it was their drugs."

In a post-conviction proceeding, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's

conclusions of law are given no presumption of correctness. <u>Fields v. State</u>, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also <u>State v. England</u>, 19 S.W.3d 762, 766 (Tenn. 2000).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

<u>Goad v. State</u>, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. <u>Adkins v. State</u>, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. <u>Cooper v. State</u>, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Initially, the post-conviction court accredited the testimony of trial counsel that he was afforded full and open discovery materials and was adequately prepared for trial. Although it is typically the far better practice to interview state witnesses in advance of trial, trial counsel, who had years of experience as a public defender, had access to the state's file. The petitioner has been unable to establish, as is his burden, that his defense was in any way compromised by any failure on the part of his counsel to interview the state witnesses. Further, the petitioner failed to produce at the evidentiary hearing the witness he had hoped would have provided helpful testimony at trial. It was his obligation to do so. See <u>Black v. State</u>, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Of greater importance, there has been no showing that the testimony claimed would have in any way affected the three verdicts at issue.

Finally, the failure of trial counsel to seek suppression of the evidence seized in the petitioner's vehicle is not a basis for relief. The petitioner was unable to establish at the evidentiary hearing that his arrest was unlawful or that the seizure of the illegal drugs violated constitutional principles. The facts, as set out at trial, provided the officers with specific, articulable grounds to suspect that the petitioner was driving under the influence of an intoxicant. While both the state and federal constitutions protect against unreasonable searches and seizures and there is a presumption

that a warrantless search violates constitutional principles, an investigatory stop is among the narrowly defined exceptions.  See U.S. Const. Amend. IV; Tenn. Const. art. I, § 7; Terry v. Ohio, 392 U.S. 1, 27-28 (1968).  In State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993), our supreme court ruled that "the reasonableness of seizures less intrusive than a full-scale arrest is judged by weighing the gravity of the public concern, the degree to which the seizure advances that concern, and the severity of the intrusion into individual privacy."  The reasonableness of the stop of a vehicle depends on whether the officer had either probable cause or an "articulable and reasonable suspicion" that the vehicle or its occupants were subject to seizure for violation of the law.  See Delaware v. Prouse, 440 U.S. 648, 663 (1979); State v. Garcia, _____ S.W.3d _____, No. M2000-01760-SC-R11-CD (Tenn., Oct. 1, 2003); State v. Coleman, 791 S.W.2d 504, 505 (Tenn. Crim. App. 1989).  Probable cause has been generally defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act.  See Lea v. State, 181 Tenn. 378, 380-81, 181 S.W.2d 351, 352 (1944).  While probable cause is not necessary for investigative stop, it is a requirement that the officer's reasonable suspicion be supported by facts, taken together with rational inferences, which reasonably warrant the intrusion.  Terry, 391 U.S. at 21.  In this instance, that the defendant staggered towards a vehicle parked on school grounds, entered the vehicle and took the driver's seat warranted the intrusion.  The smell of marijuana and the presence of an open container of alcohol were facts which established probable cause which merited a full scale investigation.  Under these circumstances, a motion to suppress the confiscation of the cocaine would not have been successful.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE