IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 3, 2005 Session

## KENNETH RAY HAYNES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. 02-CR-1959    C. Creed McGinley, Judge**

_____

**No. W2004-01947-CCA-R3-PC  - Filed July 8, 2005**

_____

The petitioner, Kenneth Ray Haynes, appeals the denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Matthew M. Maddox, Huntingdon, Tennessee, for the appellant, Kenneth Ray Haynes.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and Steven D. Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 13, 2002, the petitioner entered pleas of guilty to two counts of sexual battery, aggravated burglary, public intoxication, and misdemeanor evading arrest. Pursuant to a plea agreement, the petitioner received concurrent sentences of two years on each sexual battery conviction, four years for the burglary offense, thirty days for the public intoxication, and eleven months and twenty-nine days for evading arrest. All of the sentences were suspended except for the time served and the petitioner was placed on probation. Two weeks later, when the petitioner became confrontational with a probation officer and refused to sign some of the required paperwork, including sex offender directives, a probation violation report was filed. On February 26, 2003, the trial court revoked probation and ordered the petitioner to serve the four-year sentence.

On November 20, 2003, the petitioner filed a petition for post-conviction relief alleging, among other things, that his pleas were involuntary and that his counsel was ineffective. Counsel was appointed and an amendment was filed wherein the petitioner alleged that his trial counsel failed

to adequately communicate prior to the plea agreement and failed to sufficiently investigate the facts and circumstances of the case.

At the evidentiary hearing, the petitioner testified that his trial counsel did not discuss the circumstances of the case and only communicated with him two or three days before the announcement of the plea agreement. He claimed that he asked his trial counsel to conduct an investigation and provided him with the names of as many as fifteen to sixteen potential witnesses. The petitioner claimed that he did not commit the offenses alleged in the indictment and that each of the witnesses could support an alibi defense.

The petitioner, who had been evaluated shortly after his arrest by the Western Mental Health Institute, had been found competent to stand trial and able to appreciate the nature and wrongfulness of his acts at the time of the offenses. He contended that he had informed his trial counsel that he preferred a trial to a guilty plea and explained that he was on medication prescribed by a psychiatrist at the time he accepted the offer of the state. The petitioner insisted that he did not read the plea agreement before signing it because he was unable to read or write very well. The petitioner also stated that he had entered his plea of guilt only because he wanted to get out of jail to see a doctor and that he did not believe that he had an attorney "who would help [him] fight." He testified that he wanted to tell his trial counsel about an event that happened in the 1980's wherein something had been "rigged" in his ear, allowing "people [to] talk to me through my ears." He also claimed that McKenzie Hospital had "rigged up something through my rectum and, like, people can have sex with me." The petitioner claimed that his trial counsel was unwilling to communicate with him about this unusual information.

Trial counsel, who was the only other witness at the evidentiary hearing, testified that he had visited with the petitioner several times prior to the guilty plea. He acknowledged, however, that he had not discussed the case in detail with the petitioner before the preliminary hearing, explaining that he had investigated the case by talking to witnesses to the extent necessary. He stated that he had asked for a preliminary hearing so that the petitioner could hear firsthand some of the proof that the state intended to present at trial. He conceded that he did not speak with any of the witnesses that the petitioner named because he was of the opinion that they had no relevant information about the charges.

At the conclusion of the evidentiary hearing, the post-conviction court found that the petitioner's pleas were knowingly and voluntarily entered and that he was afforded the effective representation of counsel. The post-conviction court found the plea agreement to be "extremely advantageous" in that the petitioner was placed upon immediate probation and that it was only after probation was revoked that the petitioner challenged the effectiveness of his trial counsel.

In this appeal, the petitioner asserts that his counsel was ineffective because he failed to document the number of times the two met and failed to interview potential alibi witnesses. He claims that he would not have entered his guilty pleas but for his counsel's lack of preparation.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The error or errors must be so serious as to render an unreliable result. Id. at 687.

Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, but for counsel's errors, the petitioner would not have plead guilty and would have instead insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

In this instance, the record demonstrates that trial counsel had explored a possible insanity defense. On motion of the defense, the petitioner was evaluated both as to his competence to stand trial and as to whether insanity was a sustainable defense. The post-conviction court found as fact

that trial counsel had consulted with the petitioner on several occasions and had represented the petitioner during the preliminary hearing. Because the trial court accredited the testimony of trial counsel as to the adequacy of the degree of communication, it is our view that the petitioner is not entitled to relief on this basis.

The petitioner also argues that he would not have entered his pleas of guilt but for the failure of his trial counsel to interview potential witnesses. This claim is particularly difficult to assess because the petitioner offered none of these witnesses at the evidentiary hearing. In Black v. State, this court placed the duty upon the petitioner to produce any uncalled witness at the post-conviction proceeding in order to determine the materiality of the testimony and the credibility of the witness. 794 S.W.2d 752, 758 (Tenn. Crim. App. 1990). While trial counsel has a duty to investigate, any inference of prejudice absent the testimony of an uncalled witness would be mere speculation. There is no indication from the proof introduced at the evidentiary hearing that any of the potential witnesses, had they been interviewed in advance of trial and made available as witnesses, would have had any effect on the guilty plea. It is the responsibility of the petitioner to bring these witnesses forward at the evidentiary hearing. Thus, he is not entitled to relief.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE