IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2006

## MICHAEL KEITH KENNEDY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Chester County**
**No. 03-4442    Roy B. Morgan, Jr., Judge**

---

**No. W2005-01797-CCA-R3-PC  - Filed May 16, 2006**

---

The petitioner, Michael Keith Kennedy, appeals from the denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner received the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Michael Keith Kennedy.

Paul G. Summers, Attorney General & Reporter; Leslie Price, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 4, 2001, the petitioner pled nolo contendere to several burglary, theft, and vandalism charges in Chester and Henderson Counties. The cases had been consolidated for trial. The trial court imposed a fifteen-year sentence for the convictions in Chester County and a twelve-year sentence for those in Henderson County. Because the sentences were ordered to be served concurrently, the effective sentence was fifteen years. Pursuant to a plea agreement, the petitioner reserved the following certified question for appellate review: "Did the [d]efendant give an unequivocal, specific, intelligent, and voluntary consent to the warrantless search of his premises and vehicles, uncontaminated by duress or coercion?" On direct appeal, this court affirmed his Chester County convictions but determined that the certified question was not dispositive of the Henderson County cases. State v. Michael Keith Kennedy, No. W2001-03107-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., at Jackson, Feb. 21, 2003), perm. app. denied (Tenn. May 27, 2003).

Detailed facts were included in the opinion of this court.  See id.  In summary, a victim of a vehicle burglary saw some of his stolen property in the petitioner's yard.  Police officers identified many of the stolen items and placed the petitioner under arrest.  The victim identified the petitioner as the man he had seen near his vehicle at the approximate time of the burglary.  Officers informed the petitioner of his Miranda rights.  According to the police, the petitioner consented to a search of his residence and more stolen property was found inside.

On June 6, 2003, the petitioner filed a petition for post-conviction relief, which was dismissed without an evidentiary hearing.  This court reversed in part and remanded, holding that the post-conviction court should have conducted an evidentiary hearing on the claim of ineffective assistance of counsel.  Michael Keith Kennedy v. State, No. W2003-02824-CCA-R3-PC, slip op. at 6 (Tenn. Crim. App., at Jackson, Mar. 16, 2005).  On remand, the post-conviction court held an evidentiary hearing and denied relief.

At the evidentiary hearing, the petitioner, who was represented by Attorneys Stephen Spracher and Nina Seiler, testified that upon returning home from work one evening, an officer questioned him about stolen property that was located in his yard.  He remembered telling the officer that he had traded a race car in exchange for the property and claimed that he was unaware that it had been stolen.  The petitioner maintained that he pled nolo contendere to the charges from each county only upon the condition that his certified question would be considered on appeal.  It was his contention that he would not have otherwise entered the plea.  On cross-examination, however, the petitioner acknowledged that there was only one search, which yielded the stolen property used by the state as evidence in the prosecutions in both Chester and Henderson Counties.  He agreed that the certified question pertained to the propriety of the single search.

Attorney Seiler, who represented the petitioner at the hearing on his motion to suppress, provided helpful evidence for the petitioner.  She conceded that either she or his other counsel had informed the petitioner that the certified question would, in fact, be considered on appeal in both the Henderson and Chester County cases.

At the conclusion of the evidentiary hearing, the post-conviction court ruled as follows:

[I]t's very clear that it's not enough that trial counsel performed deficiently.  The burden of proof is on the petitioner to show . . . that but for the deficiency, he would not have entered his plea. . . .
    I cannot under the facts as ha[ve] been presented find that it has been established by clear and convincing evidence . . . that this [d]efendant would not have entered this plea otherwise, and in fact, the [c]ourt finds specifically the certified question was addressed, even though the [c]ourt acknowledges it was ultimately ruled upon only in the Chester County case.  The [c]ourt finds in its opinion that the facts and the law were in fact the same regarding the search, and it was found to be a consensual search, and therefore, the evidence would be such that I can't even

imagine that the [d]efendant would have proceeded otherwise, other than to enter this . . . nolo contendere plea.

In this appeal, the petitioner asserts that his trial counsel was ineffective for having failed to properly appeal certain dispositive questions of law. He submits that he would not have pled nolo contendere but for the errors of his trial counsel.

Rule 37 of the Tennessee Rules of Criminal Procedure provides that an appeal lies from a plea of guilty or nolo contendere if:

> (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met: (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .
>
> . . . .
>
> (iv) The defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case, and the requirements of subsection (i) are met, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

Tenn. R. Crim. P. 37(b)(2)(i), (iv).

In State v. Preston, our supreme court established the procedural conditions necessary for consideration of the merits of a question of law certified pursuant to Rule 37:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the

dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression

-3-

hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988).

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The error must be so serious as to render an unreliable result. Id. at 687. It is not necessary, however, that absent the deficiency, the trial would have resulted in an acquittal. Id. at 695. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the guilty pleas and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight; may not second-guess a reasonably based trial strategy; and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

In this case, the record establishes that the evidence to be introduced against the petitioner in his Chester and Henderson County cases was seized during a single search, which was the focus of the motion to suppress and the question certified for appeal. This court concluded that the certified question was not dispositive of the Henderson County cases only because there was evidence independent of the search which incriminated the petitioner. Our opinion affirmed the Chester County convictions, holding that the trial court did not err by finding that the petitioner had consented to the search. The denial of the motion to suppress was upheld. Implicit in the opinion was that the search was consensual as to the Henderson County charges and that the stolen property was properly admitted as evidence. That there was additional evidence of guilt in Henderson County, while fatal to the procedural aspect of the appeal, simply buttressed the position of the state in that prosecution. It is evident from the record that the petitioner would not have proceeded to trial if the evidence obtained during the search would have been admissible. The petitioner received the benefit of his bargain in that this court addressed his certified question. The search was consensual. Under these circumstances, the petitioner has not been prejudiced by any possible deficiency in his counsel's representation. See George Milton Brooks v. State, No. W2000-00214-CCA-R3-PC, slip op. at 13 (Tenn. Crim. App., at Jackson, Mar. 22, 2001).

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-5-