IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2006

**JULIUS E. GUNN v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-28187     Joseph B. Dailey, Judge**

_____

**No. W2005-01811-CCA-R3-PC  - Filed July 7, 2006**

_____

The petitioner, Julius E. Gunn, appeals the denial of his petition for post-conviction relief.  The single issue presented for review is whether the petitioner received the effective assistance of counsel at trial.  The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. McLIN, JJ., joined.

Kevin D. Balkwill, Memphis, Tennessee, for the appellant, Julius E. Gunn.

Paul G. Summers, Attorney General & Reporter; Brian Clay Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Theresa McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 27, 2003, the petitioner entered a plea of guilty to the charge of especially aggravated robbery, a Class A Felony.  Pursuant to a plea agreement with the state, the petitioner received a sentence of fifteen years to be served in the Department of Corrections.  Because the petitioner was found to be a violent offender, he was required to serve one hundred percent of his sentence.  See Tenn. Code Ann. § 40-35-501(i)(1),(2)(E) (2003).  In January of 2004, the petitioner filed a pro se petition for post-conviction relief in the Criminal Court for Shelby County alleging the ineffective assistance of counsel.  After the appointment of counsel, an amended petition was filed alleging that trial counsel induced the petitioner to plead guilty by promising that he would be incarcerated in a "youthful offender" facility.

At the evidentiary hearing, the petitioner testified that his original trial counsel, A.C. Wharton, visited him in jail when he "first caught the charge" on January 22, 2001, the same day the offense was committed.  The petitioner was represented by trial counsel at a preliminary hearing one

month later.  After the petitioner was indicted by the Shelby County Grand Jury, but before a trial date was set, trial counsel was elected mayor of Memphis.  Kevin Reed and Mae Dell Steiner, two attorneys from the Wharton law firm, assumed the petitioner's representation after the election.  When questioned about his decision to enter a guilty plea, the petitioner testified that he "was just misled" by his attorneys into entering his plea of guilty because "[t]hey told me that I was going to a youthful facility."  On cross-examination, the petitioner admitted that he was beyond the age of majority when he committed the offense.

Attorney Wharton testified that the petitioner "insisted on not going into any elaborate challenges and motions," electing instead to get his case "over without a trial."  He recalled that the petitioner simply wanted to procure the best deal possible so that he could serve his sentence in a "youthful offender facility."  According to Attorney Wharton, he explained to the petitioner that "the Department of Corrections actually makes [that] ultimate determination" and promised only to "try."

Attorney Steiner testified as follows:

> Once it was clear that the state was not going to reduce this offer [of fifteen years at one hundred percent] or change the offense in any way, and Mr. Gunn still wanted to enter a plea, I mentioned to him that I would request that he be allowed to serve his time at a youthful offender facility; and that was based on his age, and it was based on the fact that he had no prior criminal record.
>
> . . . .
>
> However, I think, from the very beginning – in my discussions with Mr. Gunn, it was always told to him that it was out of my hands, the state's hands, and even the judge's. Although I would ask the judge to recommend it, ultimately that decision as to where he would be housed would be left up to someone else.

At the conclusion of the hearing, the post-conviction court took the matter under advisement and later issued a written order denying the petition for post-conviction relief.  In its findings, the post-conviction court specifically accredited the testimony of the petitioner's trial counsel:

> Mr. Wharton and his associate Ms. Dell Steiner also testified at the evidentiary hearing.  Their testimony indicated that they did indeed investigate the case, not withstanding the fact that their client was asking to settle the case from the outset and never wanted the matter to go to trial; that they were prepared to file appropriate motions but never pursued a Suppression Motion because of their client's desire to settle the case; that they did talk to the witnesses in this case, specifically the victim; and that they did fully advise Mr. Gunn of the exact and precise nature of the guilty plea offer that he ultimately accepted.  In that guilty plea offer[,] there was never a promise of a "program" for youthful offenders.

After a full and complete review of the record in this matter, the transcript from the evidentiary hearing, the exhibits introduced at the hearing, and arguments of counsel, it is this Court's opinion, that Mr. Wharton and Ms. Steiner represented Mr. Gunn exceedingly well. In each instance, the complaints of this petitioner are found to be completely without merit.

In this appeal, the petitioner asserts that the trial court erred by denying post-conviction relief. He contends that he was denied the effective assistance of counsel because his attorneys had promised that he would be placed in a youthful offender facility.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The error must be so serious as to render an unreliable result. Id. at 695. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the guilty pleas and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight; may not second-guess a reasonably based trial strategy; and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911

S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation of the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

In this case, the petitioner testified that his trial counsel coerced him into entering a guilty plea by promising the petitioner that he would be placed in a youthful offender facility. Trial counsel testified that no such promise was ever made. Attorney Wharton testified that he made "no guarantees" to the petitioner and produced a note from his file, which said, "Mr. Julius Gunn – explained rights – will try to get him into youth facility – no guarantee." Attorney Steiner testified that she explained to the petitioner that she would ask the sentencing judge to recommend that he be permitted to serve his sentence in a youthful offender facility. The post-conviction court accredited the testimony of trial counsel, finding that "[t]here was an effort made by Mr. Wharton, Ms. Steiner and Judge Higgs to recommend to the Department of Corrections that Mr. Gunn be assigned to a 'facility' for youthful offenders." Additionally, at the evidentiary hearing, the petitioner acknowledged that Attorney Wharton only "told me that he was going to recommend and try to enroll me into a youth facility." Under these circumstances, the petitioner is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE